STATE of Minnesota, CITY OF EAGAN, Respondent,

v.

Todd Wayne STOFFERAHN, Appellant.

No. C1–88–638.

Court of Appeals of Minnesota.

Jan. 24, 1989.

Hubert H. Humphrey, III, Atty. Gen., Saint Paul, Kevin W. Eide, Eagan, for respondent.

Jeffrey R. Besikof, West Saint Paul, for appellant.

Considered and decided by FORSBERG, P.J., and CRIPPEN and NORTON, JJ., without oral argument.

## OPINION

CRIPPEN, Judge.

On March 1, 1988, the trial court revoked the stay of a misdemeanor sentence imposed on January 5, 1987. By statute, appellant was discharged from the sentence on January 4, 1988, and we reverse.

## FACTS

On January 5, 1987, appellant was sentenced to a 60–day jail term for fifth degree assault, but the sentence was stayed for one year on conditions including probationary supervision. Following a report of appellant's violation of the conditions of stay, the trial court, on December 11, 1987, ordered that the sentence be reviewed late in January 1988, and that the period of probation be "tolled" pending further trial court action. On March 1, 1988, after a hearing on February 11, the trial court ordered that appellant be jailed for 50 days of the sentence not previously served.

## ISSUE

Can stay of appellant's sentence be revoked after the period of stay has expired?

## ANALYSIS

On conviction of appellant for misdemeanor assault, stay of his sentence could be ordered for a period of not more than one year. Minn.Stat. § 609.135, subd. 2(4) (1988). The stay is governed by the following provision of statute:

> The defendant shall be discharged when the stay expires, unless the stay has been revoked or the defendant has already been discharged.

Minn.Stat. § 609.135, subd. 2(5) (1988). We have previously recognized that a jail sentence cannot be executed after expiration of a one-year stay. *Muecke v. State,* 348 N.W.2d 808, 810 (Minn.Ct.App.1984). Appellant was discharged from his sentence on January 4, 1988, when the stay of the sentence expired.

Before appellant's stay of sentence expired, the trial court "tolled" the period of the stay so that revocation proceedings could be heard at a later date. Section 609.135, subd. 2(4) fixes the maximum term for stay of a misdemeanor sentence, and the trial court has no authority to continue the stay for a longer period. *State v. Arnold,* 371 N.W.2d 253, 255 (Minn.Ct.App.1985).

Based on procedures permitted in other states, respondent contends the trial court should be free to complete a revocation proceeding that is begun before the stay of sentence expires. This suggestion conflicts with the language of our statutes. It is significant in this regard that the legislature has chosen to permit timely revocation of a stay without notice, and this power enables incarceration of a defendant after expiration of the stay when the defendant cannot be found or apprehended before expiration occurs. Minn.Stat. § 609.14, subd. 1; Minn.Stat.Ann. § 609.14 (West 1987), comment (1) by Maynard E. Pirsig.

## DECISION

Defendant is discharged from his January 5, 1987 misdemeanor sentence.

REVERSED.