**STATE of Minnesota, Respondent,**

**v.**

**Joyce Ann WHITFIELD, Appellant.**

**No. C7–92–3.**

Court of Appeals of Minnesota.

April 7, 1992.

---

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael O. Freeman, Hennepin County Atty., Michael Richardson, Asst. County Atty., Minneapolis, for respondent.

William R. Kennedy, Hennepin County Public Defender, Renee J. Bergeron, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by AMUNDSON, P.J., and PETERSON and STONE, JJ.

## OPINION

BRUCE C. STONE, Judge.*

This appeal is from an order revoking probation. We reverse.

## FACTS

Appellant Joyce Whitfield pleaded guilty in 1986 to wrongfully obtaining public assistance. She was sentenced on September 9, 1986, to a stay of imposition and five years' probation. One of the conditions of probation was that she pay $19,636.70 in restitution.

On August 19, 1991, Whitfield's probation officer reported that Whitfield still owed $18,711.70 of the restitution ordered. On August 22, 1991, the trial court signed an arrest and detention order, based on the report, and ordered the stay of imposition revoked "and the probation time * * * tolled until further order of this Court." The probation officer scheduled a probation revocation hearing for the following day, August 23, 1991. On that day, Whitfield signed an acknowledgment of receipt of the revocation notice, but no hearing was held.

Whitfield's attorney at the plea and sentence left the public defender's office in 1990. Substitute counsel, assigned to represent her on the probation revocation matter, submitted an affidavit stating he was not notified of the August 23 hearing date until after it had been continued to August 28, and that he had a conflict, a felony trial, on the rescheduled August 28 hearing date. The attorney asked that the probation revocation hearing be rescheduled to either September 9 or September 16. (The revocation hearing was rescheduled to September 16.) The affidavit further states counsel was not aware Whitfield's probation was about to expire until he appeared for the hearing on September 16.

At the September 16 hearing, Whitfield questioned whether the court still had jurisdiction to revoke probation. To preserve this issue for appeal, the court revoked probation, pronounced a stay of execution of the presumptive year-and-a-day sentence concurrent with the five years already served, and ordered a confession of judgment be executed. The record does not indicate whether a confession of judgment has been signed.

## ISSUE

Did the trial court exceed its jurisdiction in revoking probation?

---

* Retired judge of the district court, acting as judge of the Court of Appeals by appointment

pursuant to Minn. Const. art. VI, § 2.

## ANALYSIS

Whitfield contends the trial court had no jurisdiction to revoke probation after September 9, 1991, when the five-year period of probation expired.

■ This court has held that the trial court has no authority to "toll" the period of probation past the maximum period the defendant could receive. *State, City of Eagan v. Stofferahn*, 434 N.W.2d 501, 502 (Minn.App.1989). Whitfield's probation time was approaching the five-year maximum sentence, and thus the limit of the permissible probationary period. *See* Minn. Stat. § 609.135, subd. 2(1) (1990).

■ When the probation officer gives notice of an alleged probation violation, "the court may without notice revoke the stay * * * and probation and direct that the defendant be taken into immediate custody." Minn.Stat. § 609.14, subd. 1 (1990). The trial court signed such an order on August 22, 1991, before the expiration of the probationary period. However, the purpose of this provision, *Stofferahn* held, is only to

> [enable] incarceration of a defendant after expiration of the stay when the defendant cannot be found or apprehended before expiration occurs.

*Stofferahn*, 434 N.W.2d at 502. Because Whitfield could be located, and in fact appeared from Colorado the following day, the trial court's order could not serve to "toll" or extend the probationary period.

Whitfield was entitled to a hearing before probation was finally revoked. *Pearson v. State*, 308 Minn. 287, 290, 241 N.W.2d 490, 492 (1976); Minn.R.Crim.P. 27.04, subd. 3. Whatever the effect of the revocation of the stay of imposition on August 22, 1991, it had no permanent validity until a *Morrissey* hearing had been held to assure that defendant was accorded all constitutional rights to due process before probation is revoked. *Morrissey v. Brewer*, 408 U.S. 471, 487–88, 92 S.Ct. 2593, 2603, 33 L.Ed.2d 484 (1972).

Whitfield's attorney, in submitting the alternative dates of September 9 and 16, for purposes of rescheduling the August 28 hearing, was not aware of the impending expiration of the court's jurisdiction. Thus, there is no claim of misleading the court or the county attorney.

We note that the statute provides that the probation officer "shall ask for the hearing if the restitution ordered has not been paid prior to 60 days before" the end of probation. Minn.Stat. § 609.135, subd. 1a (1990). Although the hearing was requested, it was requested only 21 days before the scheduled expiration of probation and long after the probation office was on notice of probation violation and that a hearing would be required. This case is illustrative of the need, in cases of failure to make restitution, for the Department of Court Services and probation officers to report the failure promptly to the court and county attorney as the defalcation becomes apparent.

The only practical effect of the revocation order and subsequent sentence appears to be that Whitfield's conviction could not be deemed a misdemeanor. *See* Minn.Stat. § 609.13, subd. 1(2) (1990) (conviction may be deemed for a misdemeanor if a stay of *imposition* was given and defendant discharged "without a prison sentence"). However, this consequence is sufficient to present an actual controversy. Moreover, the case involves a question which may recur in the future. *See In re Peterson*, 360 N.W.2d 333, 335 (Minn.1984) (court may review issues capable of repetition yet evading review). Finally, this disposition is not intended to interfere with Whitfield's civil liability for her failure to make restitution.

## DECISION

The trial court exceeded its jurisdiction in revoking probation.

Reversed.