**Duane W. LARSON, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**No. Civ. 97–1210(RHK/RLE).**

United States District Court,
D. Minnesota.

Dec. 12, 1997.

consequences threatened by Harmon for Ms. Davis' noncompliance was the prosecution of her

Duane Wendall Larson, Murrieta, CA, pro se.

Lonnie F. Bryan, U.S. Atty. Office, Minneapolis, MN, for Defendant.

husband.

## ORDER

KYLE, District Judge.

Based upon the Report and Recommendation of United States Magistrate Judge Raymond L. Erickson, and after an independent review of the files, records and proceedings in the above-titled matter, it is

ORDERED:

That the Government's Motion to Dismiss [Docket No. 4] shall be, and hereby is, granted.

## REPORT AND RECOMMENDATION

ERICKSON, United States Magistrate Judge.

### I. *Introduction*

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(B), upon the Government's Motion to Dismiss for want of subject matter jurisdiction. A telephonic Hearing on the Motion was conducted on November 20, 1997, at which time the Plaintiff appeared on his own behalf, and the Government appeared by Lonnie F. Bryan, Esq.

For reasons which follow, we recommend that the Motion to Dismiss be granted.

### II. *Discussion*

In a Petition that was filed with the Court on May 16, 1997, the Plaintiff purports to invoke the Federal question jurisdiction of this Court, so as to address a dispute that he is waging with the California State Bar, and that concerns his admission to practice law in the State of California. According to the allegations of his Petition, the Plaintiff grad-

uated from the Western State University College of Law in 1995 and, sometime prior to January of 1997, he applied for admission to the Committee of Bar Examiners of the State Bar of California. By letter dated January 16, 1997, the Committee declined to recommend his admission to the Supreme Court of California, and explained its decision as follows:

> This decision was reached after consideration of the circumstances surrounding your 1969 driving under the influence conviction; your 1985 conviction for violation of Title 26, United States Code, Section 7201, tax evasion; and your 1984 conviction for violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2. Moreover the Committee does not believe you have demonstrated substantial rehabilitation.

Although the same letter specified a procedure, under California law, which would allow the Plaintiff to appeal the decision of the Committee to the California Supreme Court, there is no showing that the Plaintiff filed any appeal.

Reading the Committee's letter as intimating that his Federal convictions, which were secured in this District, precluded his admission to the California Bar, the Plaintiff commenced this action in order to obtain a "declaration of civil rights restoration," under Title 28 U.S.C. §§ 2201 and 2201. Although we do not subscribe to the Plaintiff's reading of the Committee's letter, we accept that factual premise for his current action. Notwithstanding that accession, we agree with the Government, and conclude that we are without subject matter jurisdiction to address the Plaintiff's Petition, because he has not presented a "case or controversy" for our resolution.[1]

---

1. The Government has moved to dismiss the Plaintiff's action under Rule 12(b)(1), Federal Rules of Civil Procedure, and asserts that a facial review of the Plaintiff's claim reveals the Court to be without the requisite jurisdiction to decide the matter on its merits. As we have said elsewhere:

   > To prevail upon a Motion to Dismiss for want of subject matter jurisdiction, the challenging party must successfully attack the Complaint, either on its face or on the factual truthfulness of its averments. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir.1993); *Osborn v. United States*, 918 F.2d 724, 729 n. 6 (8th Cir.1990). In a

   facial challenge to jurisdiction, all of the factual allegations, as contained in the non-moving party's pleadings, which concern the jurisdictional issue, are presumed to be true and, therefore, the nonmoving party receives the same protections that it would receive if it were defending against a Motion to Dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure. Nevertheless, a Rule 12(b)(1) Motion will prove to be successful if the plaintiff should fail to allege an element necessary for a finding of subject matter jurisdiction. *Titus v. Sullivan, supra; Wittmann v. United States*, 869 F.Supp. 726, 729 (E.D.Mo.1994).

■ As noted, the Plaintiff relies on the Federal Declaratory Judgment provisions,[2] in seeking a declaration of his civil rights. However, "[i]t has long been understood that the federal Declaratory Judgment Act, now codified at 28 U.S.C. § 201 (1994), is a procedural statute, not a jurisdictional statute." *State ex rel. Missouri Highway and Transportation Com'n, v. Cuffley*, 112 F.3d 1332, 1334 (8th Cir.1997), citing *Franchise Tax Bd. of Calif. v. Constr. Laborers Vacation Trust for S. Calif., et al.*, 463 U.S. 463 U.S. 1, 15–16, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72, 70 S.Ct. 876, 94 L.Ed. 1194 (1950). Since "the Declaratory Judgment Act is not meant to expand federal jurisdiction," *International Ass'n of Entrepreneurs of America v. Angoff*, 58 F.3d 1266, 1270 (8th Cir.1995), cert. denied, 516 U.S. 1072, 116 S.Ct. 774, 133 L.Ed.2d 726 (1996), the Plaintiff "must demonstrate the Court's independent basis for subject matter jurisdiction." *Employer's Ass'n, Inc. v. United Steelworkers of America*, 803 F.Supp. 1558, 1561–61 (D.Minn.1992), vacated on other grounds, 23 F.3d 214 (8th Cir.1994). Despite these jurisdictional prerequisites, the Plaintiff has failed to articulate any Federal question that is presented by his Petition. Nonetheless, applying the indulgence that is allowed, when the Court reviews a *pro se* pleading, see, *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Munz v. Parr*, 758 F.2d 1254, 1258 (8th Cir.1985), we may construe his Petition as an attempt to ameliorate the effect of his prior Federal Sentences and, arguably, this construction would present something of a Federal question.[3]

■ The arguable presence of a Federal question, however, does not end our analysis, for the Federal Declaratory Judgment Act requires the presence of an "actual controversy within [the Court's] jurisdiction." See, *Title 28 U.S.C, § 2201(a)*. As our Court of Appeals has recently reiterated:

The case or controversy requirement of Article III applies in declaratory actions, just as it does in coercive actions. ***

*Hoeffner v. University of Minnesota*, 948 F.Supp. 1380, 1384 (D.Minn.1996). This is the same standard of review that we apply here.

2. In addition to Title 28 U.S.C. § 2201, the Plaintiff also relies upon the "Further Relief" provisions of Title 28 U.S.C. § 2202, which do not counsel a different result from that reached in the analysis we detail, in the text of this Report, as to Section 2201. See, e.g., *Harris v. United States*, 820 F.Supp. 1018, 1021 n. 2 (N.D.Miss. 1992) ("Neither the Declaratory Judgment Act, 28 U.S.C. § 2201, nor the 'Further Relief' statute, 28 U.S.C. § 2202, confer jurisdiction on this court but, rather, provide additional remedies where jurisdiction independently already exists."), aff'd, 19 F.3d 1090 (5th Cir.1994); *B. Braun Medical Inc. v. Abbott Laboratories* 892 F.Supp. 115, 117 (E.D.Pa.1995), modified on other grounds, 124 F.3d 1419 (Fed.Cir.1997); *Sanchez–Espinoza v. Reagan*, 568 F.Supp. 596, 599 n. 3 (D.D.C.1983), aff'd, 770 F.2d 202 (D.C.Cir.1985); *Smith v. Lehman*, 533 F.Supp. 1015, 1018 (E.D.N.Y.1982), aff'd, 689 F.2d 342 (2nd Cir.1982), cert. denied, 459 U.S. 1173, 103 S.Ct. 820, 74 L.Ed.2d 1018 (1983).

3. To fuel this indulgence, we note that the Plaintiff has labeled his initial pleading as a "Petition," and he references his prior criminal file numbers in the caption of his Petition. We do not, however, interpret his pleading as one for Habeas relief, or as a Motion to modify his Sentence, because he has not styled his request for relief in that fashion, because we are not confident that such a procedure could provide the relief that the Plaintiff requests, and because the issue is mooted by the absence of an actual controversy. As the Supreme Court cautioned, in *Beecham v. United States*, 511 U.S. 368, 373, 114 S.Ct. 1669, 128 L.Ed.2d 383 n. * (1994):

We express no opinion on whether a federal felon cannot have his civil rights restored under federal law. This is a complicated question, one which involves the interpretation of the federal law relating to federal civil rights, see U.S. Const., Art. I, § 2, cl. 1 (right to vote for Representatives); U.S. Const., Amdt. XVII (right to vote for Senators); 28 U.S.C. § 1865 (right to serve on a jury); consideration of the possible relevance of 18 U.S.C. § 925(c) (1988 ed., Supp. IV), which allows the Secretary of the Treasury to grant relief from the disability imposed by § 922(g); and the determination whether civil rights must be restored by an affirmative act of a Government official, see United States v. Ramos, 961 F.2d 1003, 1008(CA1), cert. denied, 506 U.S. 934, 113 S.Ct. 364, 121 L.Ed.2d 277 (1992), or whether they may be restored automatically by operation of law, see United States v. Hall, 20 F.3d 1066 (C.A.10 1994). We do not address these matters today.

The "complication" of this issue warrants our assumption, *arguendo*, that a Federal question could be posed with the exercise of ingenuity, and creative advocacy.

"The basic inquiry is whether the 'conflicting contentions of the parties *** present a real, substantive controversy between parties having adverse legal interests, a dispute definite and concrete, not hypothetical or abstract.'"

*State of Missouri ex rel. Missouri Highway and Transportation Comm'n,* supra at 1337.

■ Applying this criterion, we find no actual controversy to be presented by the Plaintiff's Petition. Of course, we recognize the Plaintiff's interest in practicing law in California, and his concern that California's Committee of Bar Examiners is excluding him from that practice because of his Federal convictions, which arose out of criminal proceedings within this District. Nevertheless, the laws of the State of Minnesota will automatically restore his "civil rights" upon his discharge from his respective Federal sentences—an occurrence that the Plaintiff assures has already been accomplished.

As the Plaintiff correctly notes, Minnesota Statutes Section 609.165, provides a means for the restoration of civil rights, as follows:

Subdivision 1. When a person has been deprived of civil rights by reason of conviction of a crime and is thereafter discharged, such discharge shall restore the person to all civil rights and to full citizenship, with full right to vote and hold office, the same as if such conviction had not taken place, and the order of discharge shall so provide.

     *     *     *     *     *     *

Subdivision 2. The discharge may be:

(1) By order of the court following stay of sentence or stay of execution of sentence; or

(2) Upon expiration of sentence.

Our Court of Appeals has consistently recognized these provisions as being both "plenary and automatic." See, *United States v. Lowe,* 50 F.3d 604, 606 n. 3 (8th Cir.1995); *United States v. Wind,* 986 F.2d 1248, 1250–51 (8th Cir.1993) ("Minnesota's civil rights restoration statute, Minn.Stat. § 609.165 subd. 1, is a plenary restoration of civil rights provision and is effective automatically upon expiration of a sentence—its restores the person to 'all civil rights and to full citizenship, with full rights to vote and hold office, the same as if such conviction had not taken place.'").

Although the Plaintiff expresses concern that Section 609.165 is, or may be, inoperative with respect to a *Federal* conviction that was secured in Minnesota, our Court of Appeals has expressly held to the contrary. In *United States v. Edwards,* 946 F.2d 1347, 1348 (8th Cir.1991), the District Court had "concluded that the Minnesota statute restored the civil rights of all discharged convicts who were citizens of Minnesota, including those who served federal sentences, whether or not the discharge order explicitly recited the fact of restoration." The Court of Appeals affirmed that determination, and went on to expressly recognize that the "statute's requirement that the fact of restoration must be recited in the discharge would not apply to the case of a federal felon, since the state does not control the language of a federal felon's discharge," citing, "Op.Minn. Att'y Gen. 68–h (Dec. 27, 1971) (section 609.165 applies to federal felons); language of discharge requirements nullified." *Id.* at 1349 n. 4.

Subsequently, the *Edwards* decision came into criticism by the Supreme Court's decision in *Beecham v. United States,* 511 U.S. 368, 114 S.Ct. 1669, 128 L.Ed.2d 383 (1994), in which the Court addressed the interplay between Title 18 U.S.C. § 921(a)(20), and Title 18 U.S.C. § 922(g). Section 922(g), makes it "unlawful for any person *** who has been convicted in any court of [ ] a crime punishable by imprisonment for a term exceeding one year *** to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." For these purposes, Section 921(a)(20) defines the term "crime punishable by imprisonment for a term exceeding one year," as being subject to the following proviso:

What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement,

or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

In *Beecham*, the Court determined that, for purposes of Section 922(g), a State restoration of civil rights statute could not eradicate a Federal felony conviction. To reach this determination, the Supreme Court rejected the Court's analysis in *Edwards*, but solely in the context of a criminal prosecution under Section 922(g)—a circumstance which is not here present.

■ Since the holding, in *Beecham*, leaves undisturbed the Court's reasoning, in *Edwards*, that Section 609.165 can restore the civil rights which would, otherwise, be impaired by a Federal sentence, except insofar as Section 922(g) is concerned, we conclude that Section 609.165 has automatically restored the Plaintiff's civil rights upon the expiration of his Federal sentences. As a consequence, there is no relief that this Court could give, even if we were to assume that a Federal remedy was obtainable, which is not fully available to the Plaintiff, under the laws of the State of Minnesota, without any affirmative act on our part. This being the case, we are not here presented with "a real, substantive controversy between parties having adverse legal interests, a dispute definite and concrete, not hypothetical or abstract" and, therefore, no actual controversy is at hand.[4]

Lastly, we are aware of the Plaintiff's apprehension that the California Committee of Bar Examiners may not interpret Section 609.165 as effectively restoring his civil rights, but we have no oversight authority to regulate their actions, or their interpretation of California law, particularly as it relates to the Plaintiff's request for admission into the California Bar. Indeed, absent an exhaustion of his right to seek relief from the California Supreme Court, a Federal Court in California would not be empowered to consider a claim that he has been denied any Federal constitutional rights. See, e.g., *Giannini v. Committee of Bar Examiners*, 847 F.2d 1434, 1435 (9th Cir.1988) ("An applicant seeking review of a decision by the Committee [of Bar Examiners] must file a petition for review by the California Supreme Court," and "[u]ntil such review is completed, an applicant has no basis for any claim of deprivation under federal law because no deprivation has taken place."); *Margulis v. State Bar of California*, 845 F.2d 215, 216 (9th Cir.1988) ("Because the California Supreme Court alone has the power to admit someone to the California Bar, we have held that the Committee's refusal to certify an applicant does not deprive an applicant of any rights until the supreme court 'expressly or impliedly approves the Committees refusal to certify so as to make this the basis or allow it to have the effect of a denial of admission.' ").

Here, the Plaintiff, himself, acknowledges that the policies governing Bar admission, in the State of California, recognize and allow for the restoration of civil rights, to a convicted criminal, as effected under the laws of another jurisdiction.[5] If, therefore, the Plaintiff has any "case or controversy," which relates to his denial of admission to the Cali-

---

4. The Plaintiff has expressly denied any interest in removing the Federal disability on his right to possess, ship, transport, or receive a firearm, or ammunition, which arises from his Federal convictions, see *Title 18 U.S.C. § 922(g)(1)*, and, therefore, we do not address that matter further. We do note that Congress has provided a means of granting such relief, by application to the Secretary of the Treasury, see *Title 18 U.S.C. § 925(c)*, and we have no occasion to here determine if that remedy is exclusive, in view of our determination that we have not been presented with an actual case or controversy.

5. Attached to the Plaintiff's Petition is an excerpt from the California Bar application materials, which contains the following advisory:

Any arrest, conviction or other proceeding, the record of which has been ordered or is required to be sealed, obliterated, dismissed, or destroyed pursuant to the statute of another jurisdiction, which statute provides in substance and effect that upon entry of an order, such arrest, conviction or other proceeding shall be deemed not to have occurred or that the person to whom the proceeding relates, in answering any related question, may state it did not occur. If you believe you come within this exclusion, you MUST include with your application a copy of the applicable statute and any supporting annotations and answer yes to question 11.5 below.

Necessarily, we leave to the California authorities whether this provision precludes any consideration of a past criminal record on a Bar applicant's moral turpitude, or upon his or her state of rehabilitation.

fornia Bar, it is presently premature, and it would be properly venued in the State of California. We find no basis to conclude that, here, the Plaintiff has presented an actual case or controversy and, therefore, we conclude that we are without subject matter jurisdiction to consider his claim further, and we recommend that the Government's Motion to Dismiss be granted.

NOW, THEREFORE, It is—

RECOMMENDED:

That the Government's Motion to Dismiss [Docket No. 4] be granted.

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D.Minn. LR1.1(f), and D.Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than December 5, 1997,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than December 5, 1997,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. § 636 to review the transcript in order to resolve all of the objections made.