**STATE of Minnesota, Respondent,**

v.

**Bradley Allen PURDY, Appellant.**

**No. C2–98–1136.**

Court of Appeals of Minnesota.

Feb. 2, 1999.

Michael A. Hatch, Attorney General, St. Paul, MN; and Susan Gaertner, Ramsey County Attorney, Joan B. Tusa, Assistant County Attorney, St. Paul, MN (for respondent)

John B. Walsh, Stillwater, MN (for appellant)

## OPINION

PETERSON, Judge.

In this appeal from the denial of relief in a postconviction proceeding, appellant argues that because his sentence expired before it was amended to include a conditional release term, the postconviction court abused its discretion by denying his motion for an order stating that his sentence had expired and he was not resentenced. We reverse.

### FACTS

In 1994, appellant Bradley Allan Purdy pleaded guilty to two counts of second-degree criminal sexual conduct in violation of Minn.Stat. § 609.343, subd. 1(a) (1994). On December 7, 1994, the district court imposed a 36–month sentence for each offense and ordered that the sentences be served concurrently. A conditional release term was not included in either sentence.

On November 26, 1996, Purdy was released from prison to serve the rest of his sentence under supervised release. His sentence was to expire on or about December 1, 1997.

In October 1997, the Department of Corrections wrote to the sentencing court to ask whether the court had intended "to apply a five or ten year conditional release term" to Purdy's sentence. The department offered to "make the computation to the sentence record and notify the subject accordingly."

On October 15, 1997, a law clerk responded to the department with a letter that stated, "[t]he Judge's intent is to place [Purdy] on a 10 year conditional release." The department informed Purdy's probation officer that

[a] letter from the sentencing court indicates that a 10 year conditional release term was ordered by the court. Subject's

correct conditional release date is November 24, 2006.

The department requested that the probation officer have Purdy sign a corrected supervised release agreement showing his conditional release term.

Sometime after these events, Purdy received notice that his sentence had been amended. The trial court record contains no motion, no evidence of a hearing, no written order of the court, and no entry of an oral order regarding an amendment of Purdy's original sentence to include a conditional release term.

In January 1998, Purdy was arrested for allegedly violating a term of his conditional release. Purdy filed a motion seeking an order finding that his sentence had expired between November 26, 1997, and December 7, 1997, and that he had not been resentenced. The court denied the motion stating:

Rule 27, MRCrim. P. allows a court to correct a sentence at any time. While the Court's letter of October 15, 1997 was not the result of a hearing, but rather a response to the inquiry of the Commissioner of Corrections, the letter did not impose additional conditions to the original sentence; it simply imposed the mandated language to conform to the sentencing statute. That the correction was in the form of a letter, rather than a formal court order, is immaterial.

## I S S U E

Was Purdy's sentence amended to include a conditional release term?

## ANALYSIS

■ An appellate court reviews postconviction proceedings only to determine whether sufficient evidence sustains the postconviction court's findings and will not overturn the postconviction court's findings absent an abuse of discretion. *King v. State*, 562 N.W.2d 791, 794 (Minn.1997). "[P]ostconviction relief is proper not only where constitutional issues are raised but also upon a showing of violation of state law." *Bangert v. State*, 282 N.W.2d 540, 544–45 (Minn.1979).

Purdy argues that his sentence expired without being amended to include a conditional release term and that upon expiration of the sentence, the court lost jurisdiction to amend it. Therefore, Purdy contends, he was discharged, and the postconviction court abused its discretion by denying his motion for an order stating that his sentence had expired between November 26, 1997, and December 7, 1997, and that he was not resentenced.

■ The expiration of a sentence operates as a discharge that bars further sanctions for a criminal conviction. *See State v. Whitfield*, 483 N.W.2d 102, 104 (Minn.App. 1992) (holding district court lacked jurisdiction to revoke probation after expiration of probationary stay, even though probationary proceedings had commenced prior to expiration). The state concedes that, under *Whitfield*, the court loses jurisdiction to modify a sentence once the sentence has expired, but argues that the court used its authority under Minn. R. Crim P. 27.03, subd. 9, to modify Purdy's sentence before it expired.

Minn. R.Crim. P. 27.03, subd. 9, provides:

The court at any time may correct a sentence not authorized by law. The court may at any time modify a sentence during either a stay of imposition or stay of execution of sentence except that the court may not increase the period of confinement.

The state contends that Minn.Stat. § 609.346, subd. 5(a) (1994) required the sentencing court to impose a conditional release term as part of Purdy's sentence. Therefore, because the sentencing court failed to impose a conditional release term, the sentence imposed was not authorized by law, and under Minn. R. Crim P. 27.03, subd. 9, the court had authority to correct the sentence. The state argues that Minn. R.Crim. P. 27.03, subd. 9, does not require notice or a hearing before a court acts to correct a sentence and that the court exercised its authority to correct the sentence when the law clerk notified the Department of Corrections that the district court intended to impose a mandatory conditional release term.

■ Even if Purdy's sentence was an unauthorized sentence that could be corrected

by a letter from the sentencing court with no motion and no hearing, the evidence was insufficient to sustain the postconviction court's finding that it was immaterial that the correction of Purdy's sentence was in the form of a letter, rather than a formal court order. The October 15, 1997, letter to the Department of Corrections was not a letter from the court. The letter was not signed by a judge or entered into the record as an order. The letter was simply a statement written by a law clerk who was not vested with any judicial authority. Minn. R.Crim. P. 27.03, subd. 9, permits the court to correct a sentence not authorized by law. We are not aware of any authority for treating an act of a law clerk as if it were an act of the court. We, therefore, conclude that Purdy's sentence was not amended before it expired.

In light of our determination that Purdy's sentence expired without being amended, the remaining issues Purdy raised on appeal are moot.

## DECISION

A letter from a law clerk to the Department of Corrections cannot amend a sentence. Because Purdy's sentence was not amended before it expired, the district court's denial of the motion for an order that his sentence had expired and that he was not resentenced was an abuse of discretion.

**Reversed.**