**STATE of Minnesota, Appellant,**

v.

**Bret Duane HANNAM, Respondent.**

**No. A10–52.**

Court of Appeals of Minnesota.

Jan. 18, 2011.

Lori Swanson, Attorney General, St. Paul, MN; and Kristen Nelsen, Mower County Attorney, Jeremy L. Clinefelter, Assistant Mower County Attorney, Austin, MN, for appellant.

David W. Merchant, Chief Appellate Public Defender, Michael W. Kunkel, Assistant Public Defender, St. Paul, MN; and Karen R. Duncan, Third District Public Defender, Owatonna, MN, for respondent.

Considered and decided by PETERSON, Presiding Judge; HUDSON, Judge; and LARKIN, Judge.

## OPINION

PETERSON, Judge.

The State of Minnesota has filed this appeal challenging the district court's decision to resentence respondent Bret Duane Hannam to 27 months in prison, following this court's remand. *See State v. Hannam,* No. A08–473, 2009 WL 1311587 (Minn.App. May 12, 2009) (*Hannam I*) (remanding for resentencing), *review denied* (Minn. Aug. 11, 2009). On appeal, the state argues that the district court misconstrued this court's decision in *Hannam I* and that the 27–month sentence represents an impermissible departure from the mandatory minimum sentence required under Minn.Stat. § 609.11, subd. 5(b) (2004).

Because the 27–month sentence expired on December 19, 2009, before the state filed its notice of appeal, this court lacks authority to modify the sentence. We, therefore, dismiss this appeal.

## FACTS

In May 2006, after authorities executing a search warrant found four firearms in respondent's camper, respondent was charged with four counts of ineligible person in possession of a firearm under Minn. Stat. § 624.713, subds. 1(b), 2(b) (2004).[1] A jury found respondent guilty on all four counts, and the district court sentenced him to four concurrent 60–month sentences.

On appeal, respondent argued that the search of his camper was invalid, that his convictions arose out of a single behavioral incident, and that the district court abused its discretion in denying his request for a downward departure. *Hannam,* 2009 WL 1311587, at *1. This court upheld the search, vacated respondent's sentences on three of the four convictions because all of the convictions arose out of the same behavioral incident, and remanded for resentencing on the remaining conviction. *Id.* at *1–3.

At resentencing on October 8, 2009, the state argued that the proper sentence on the remaining conviction was the 60–month mandatory minimum sentence under Minn.Stat. § 609.11, subd. 5(b); respondent countered that this court's opinion in *Hannam I* directed the district court to impose a 27–month sentence. The district court agreed with respondent's interpretation of this court's opinion and resentenced respondent to 27 months. The district court acknowledged that respondent was in his supervised release period and that he was eligible for release, but respondent indicated that he preferred to complete his sentence in prison. The

---

1. Respondent was ineligible to possess firearms because he was convicted of first-degree burglary of an occupied dwelling in 1998. *See* Minn.Stat. § 624.713, subd. 1(b) (2004) (person who has been convicted of committing crime of violence is ineligible to possess firearm); *see also* Minn. § 624.712, subd. 5 (2004) (defining crime of violence as including burglary in first- through third-degrees

under 609.582, subd. 1, 2, or 3). In 1998, respondent was sentenced to 36 months in prison under Minn.Stat. § 609.11, subd. 5(a) (1998), based on the district court's determination that he possessed a firearm during the commission of the burglary. *State v. Hannam,* 601 N.W.2d 454, 455–56 (Minn.App. 1999), *review denied* (Minn. Dec. 21, 1999).

district court issued an amended order that modified respondent's sentence to 27 months and noted that respondent was "subject to commencement of his supervised release period immediately."

The parties agree that respondent's 27-month sentence expired on December 19, 2009. The state filed its notice of appeal on January 6, 2010. Following oral arguments, this court ordered the parties to file supplemental briefs, addressing whether due process prevents an appellate court from reviewing the modification of a sentence when the sentence expired before the state's time to appeal the modified sentence had expired.

## ISSUE

Does this court lack authority to modify respondent's sentence?

## ANALYSIS

■ The parties agree that respondent's sentence expired on December 19, 2009, more than two months after the 27-month sentence was imposed at the October 8, 2009, resentencing hearing and more than two weeks before the state filed its notice of appeal on January 6, 2010. Citing *Martinek v. State*, 678 N.W.2d 714, 718 (Minn. App.2004), and *State v. Purdy*, 589 N.W.2d 496, 498 (Minn.App.1999), respondent argues that his sentence may no longer be modified because it has expired.

In *Martinek*, the district court issued amended sentencing orders that added conditional release terms to two sentences that had expired at least one year before entry of the amended orders. 678 N.W.2d at 717. Noting that "[o]nce a sentence has expired, the court no longer has jurisdiction to modify even what may be an unauthorized sentence," this court held that the district court lacked jurisdiction to modify the sentence by adding a conditional re-

lease term. *Id.* at 718–19 (citing *Purdy*, 589 N.W.2d at 498–99).

In *Purdy*, this court concluded that a letter from a law clerk to the department of corrections requesting the addition of a conditional release term to a sentence did not operate to amend the sentence before it expired. 589 N.W.2d at 498–99. Because the sentence was not amended before it expired, this court reversed the district court's denial of Purdy's motion for an order that his sentence had expired and that he was not resentenced. *Id.* at 499.

*Purdy*, 589 N.W.2d at 498, cites *State v. Whitfield*, 483 N.W.2d 102, 104 (Minn.App. 1992), for the principle that "[t]he expiration of a sentence operates as a discharge that bars further sanctions for a criminal conviction." In *Whitfield*, this court held that the district court lacked jurisdiction to revoke probation after expiration of a probationary stay, even though the probation-revocation proceeding had commenced before the stay expired. 483 N.W.2d at 104. The state conceded in *Purdy* "that, under *Whitfield*, the court loses jurisdiction to modify a sentence once the sentence has expired." 589 N.W.2d at 498.

■ In Minnesota, an "'executed sentence' means the total period of time for which an inmate is committed to the custody of the commissioner of corrections." Minn.Stat. § 244.01, subd. 9 (2008). For inmates whose crimes were committed after 1993, the term of imprisonment generally equals two-thirds of the executed sentence, with the remaining one-third of the sentence to be served on supervised release. Minn.Stat. § 244.101, subd. 1 (2008). Once an inmate completes the terms of imprisonment and supervised release, the inmate's sentence expires. *See State ex rel. Peterson v. Fabian*, 784 N.W.2d 843, 846 (Minn.App.2010) (noting that sentence expires after completion of term of imprisonment and supervised re-

lease); *see also Larson v. United States,* 995 F.Supp. 969, 972 (D.Minn.1997) (noting that Minnesota's civil-rights-restoration statute, Minn.Stat. § 609.165, is "both plenary and automatic," effective upon expiration of sentence). In this case, respondent served his terms of imprisonment and supervised release in prison, and his entire 27–month sentence expired on December 19, 2009.

An appeal may be taken by the defendant or by the state from any sentence imposed by the district court. Minn.Stat. § 244.11, subd. 1 (2008); Minn. R.Crim. P. 28.05, subd. 1. But under the reasoning in *Martinek* and *Purdy,* because respondent's sentence has expired, this court, like the district court, has no authority to amend or modify the sentence to impose further sanctions. Therefore, we dismiss this appeal.

We recognize that dismissing this appeal defeats the state's right to appeal from respondent's sentence. But this harsh result might have been avoided if the state had promptly filed an appeal from the district court's October 2009 decision and then sought to expedite this court's review. *See* Minn. R.Crim. P. 28.01, subd. 3 (stating that "[f]or good cause," this court may "suspend application of any of these rules"); Minn.App. Spec. R. Pract. 1 (allowing this court to expedite cases "for good cause").

## DECISION

Because respondent's sentence has expired, this court has no authority to modify the sentence. Therefore, this appeal is dismissed.

**Appeal dismissed.**