*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1059**

State of Minnesota,
Respondent,

vs.

Jack Perry Frazier,
Appellant.

**Filed September 15, 2014
Reversed and remanded
Cleary, Chief Judge**

Hennepin County District Court
File No. 27-CR-11-10826

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Elizabeth R. Johnston, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Richard Schmitz, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Cleary, Chief Judge; Peterson, Judge; and Reyes, Judge.

**UNPUBLISHED OPINION**

**CLEARY**, Chief Judge

Appellant Jack Perry Frazier challenges the district court's denial of his motion for correction of his sentence under Minn. R. Crim. P. 27.03, subd. 9. The state filed an informal brief, with a motion to accept the informal brief, conceding that appellant is entitled to relief. Based on the state's concession, this court issued an order granting the motion to accept and assigned the matter to a special term panel. We reverse and remand.

**FACTS**

Appellant was charged in April 2011 with one count of failure to register as a predatory offender, in violation of Minn. Stat. § 243.166, subds. 1b, 5(a), 5(b), 5a, 10 (2010). The complaint notified appellant that the penalty for this offense ranged from "1 year and a day-5 years and/or $10,000 plus a 10-year conditional release term if defendant was assigned to risk level III on the date of the offense." At the time of this offense, appellant was a level three sex offender and apparently on parole for first-degree criminal sexual conduct offenses he committed in 1998.

A plea and sentencing hearing was held on May 10, 2011. Appellant signed a written plea petition, acknowledging that on February 17, 2011, he "left the address where I was registered and fail[ed] to register my new location." Appellant also acknowledged that the maximum penalty for the offense was five years, with a minimum sentence of not less than one year and one day. Paragraph 24 of the written plea petition stated: "I understand that for felony driving while impaired offenses and most sex

offenses, a mandatory period of conditional release will be imposed to follow any executed prison sentence, and violating the terms of that conditional release may increase the time I serve in prison." The petition set out appellant's plea agreement with the prosecutor as "26 mo[nths] executed concurrent w[ith] current parole/revocations, w[ith] 33 days credit."

At the combined plea and sentencing hearing, the prosecutor stated that the parties had reached an agreement and recommended that the district court impose a downward durational departure, to 26 months. The prosecutor stated that the grounds for the departure included appellant's "acceptance of responsibility and not as serious as your normal failure to register case." The prosecutor did not request a pre-sentence investigation (PSI), and the matter proceeded to sentencing at the parties' request. Appellant acknowledged that he signed and understood everything in the written plea petition, which he had reviewed with his attorney.

The court accepted the plea petition and asked defense counsel to "just inquire regarding the waiver of the PSI and the conditional release time." The following exchange occurred, but conditional release was not discussed or mentioned:

> [Defense Counsel:] Mr. Frazier, you understand that you are entitled to have a Presentence Investigation done and taken into consideration. But since you are already on parole and you're going to prison on this, are you willing to waive that and be sentenced today?
>
> [Appellant:] Yes.
>
> [Defense Counsel:] You understand that this may also extend the period of time that you are required to register as a predatory offender?

3

[Appellant:] Yes.

[Defense Counsel:] And you also understand that if you have a subsequent failure to register offense, the mandatory sentence would be at least two years, although, with your points, probably wouldn't make any difference. It would be, possibly, a higher sentence?

[Appellant:] Yes.

The district court thereafter sentenced appellant, as follows:

I do find today, Mr. Frazier, sir, that you've given me a knowing, intelligent and voluntary waiver of your trial rights and your right to have a Pre-Sentence Investigation ordered for you.

I also find that you've given me a sufficient factual basis to find you guilty of what you've pled to today, failure to register as a predatory offender as a felony level offense, occurring February 17th, 2011, in Hennepin County.

I do convict you of that offense at this time. I will follow the plea negotiation your attorneys worked out on your behalf and enter a downward durational departure, sentencing you and committing you to the custody of the Commissioner of Corrections for 26 months.

That sentence will be in two parts. The minimum part of that will be two-thirds of the sentence and, assuming all good time, the remaining third would be on a supervised release.

I am ordering that you receive jail credit in the amount of 33 days, and that any court fines or surcharges are waived due to your financial circumstances.

I am also noting the agreement is concurrent with the parole violation and then sentencing.

The sentence imposed on the record by the district court failed to mention or include the mandatory ten-year conditional release term. The written warrant of commitment filed by the court a few days later also did not include the ten-year conditional release term.

The MNCIS[1] Register of Actions, however, contains a notation that appellant's sentence includes "Conditional Release After Confinement of 10 Yr." The "Minnesota Department of Corrections Sentence Detail" also indicates that a "10 year" conditional release term is associated with this sentence. The department of corrections (DOC) sentence detail further indicates that appellant's sentence expired on June 6, 2013.

In January 2014, appellant filed a motion for correction of sentence, seeking to vacate the ten-year term of conditional release. The district court concluded that the ten-year conditional release term was validly imposed by the court at the plea and sentencing hearing on May 10, 2011, even though the term was not explicitly mentioned at sentencing or included in the warrant of commitment, because appellant was on notice that his sentence carried a mandatory conditional release term.

This appeal followed.

**DECISION**

The district court treated appellant's motion to correct his sentence as a motion for postconviction relief. *See Powers v. State*, 731 N.W.2d 499, 501 n.2 (Minn. 2007) (noting that "the language of Minn. Stat § 590.01 . . . is broad enough to encompass a motion pursuant to Minn. R. Crim. P. 27.03"). This court reviews a postconviction court's decision for an abuse of discretion, but we review its legal determinations de novo. *Townsend v. State*, 834 N.W.2d 736, 738-39 (Minn. 2013).

---

[1] The register of actions is maintained in MNCIS, or the Minnesota Court Information System. The register of actions is kept as a record by the district court administrator. *See* Minn. Stat. § 485.07(1) (2012). The register is a record of the title of each action brought in that county's courts, "and a minute of each paper filed in the cause, and all proceedings in them." *Id.*

5

Appellant argues that the district court erred in determining that a notation on the MNCIS register of actions was akin to a sentencing order or warrant of commitment and that the notation was sufficient to impose the ten-year conditional release term and include it in the sentence. Appellant argues that because the notation on the register of actions was not a valid sentencing order and because his sentence has expired, the district court erred in denying his motion. The state concedes on appeal that "the mandatory term of conditional release was not imposed by the District Court and that the District Court's jurisdiction over the case and authority to impose any such condition terminated upon expiration of the 26 month sentence imposed in the instant matter." We agree with the parties.

Sentencing is a judicial function. *State v. Olson*, 325 N.W.2d 13, 17-18 (Minn. 1982) (stating that power to define criminal conduct and fix punishment is vested in the legislature, while "imposition of the sentence within the limits prescribed by the legislature is purely a judicial function"). The legislature can "restrict the exercise of judicial discretion in sentencing, such as by providing for mandatory sentences" and it can "grant an administrative body the authority to supervise a convicted person . . . ." *Id.* at 18. Thus, a court must impose a sentence and state the precise terms of that sentence. *See* Minn. R. Crim. P. 27.03, subd. 4 (providing that the district court must state the precise terms of the sentence); *State v. Staloch*, 643 N.W.2d 329, 331 (Minn. App. 2002) (stating that the "orally pronounced sentence controls over a judgment and commitment order when the two conflict").

Conditional release is a mandatory sentencing term that must be imposed by a court. *See State v. Humes*, 581 N.W.2d 317, 319-20 (Minn. 1998) (holding that the district court had jurisdiction to amend a sentence, which had not yet expired, to include a conditional release term that had been omitted at sentencing in connection with a rule 27.03 motion brought by the state). When sentencing a person assigned to a risk level III for failure to register as a predatory offender, "the court shall provide that after the person has completed the sentence imposed, the commissioner [of corrections] shall place the person on conditional release for ten years." Minn. Stat. § 243.166, subd. 5a (2012). Conditional release must be imposed by a court, not by the district court administrator through a notation on the MNCIS register of actions or by the department of corrections in its sentencing detail document. *See State v. Purdy*, 589 N.W.2d 496, 498-99 (Minn. App. 1999) (determining that letter by a law clerk, "not vested with any judicial authority," was insufficient to amend a sentence to include a conditional release term).

If a district court fails to include a conditional release term when imposing a sentence, the court can issue an order amending the sentence at a later date to include conditional release. *See, e.g.*, *Humes*, 581 N.W.2d at 319-20. But if the original sentence did not include conditional release and the district court fails to amend the sentence to include that term before the sentence expires, the court loses its authority to add the conditional release term. *Martinek v. State*, 678 N.W.2d 714, 718-19 (Minn. App. 2004). Once an inmate completes the terms of imprisonment and supervised release, the sentence expires. *State ex rel. Peterson v. Fabian*, 784 N.W.2d 843, 846 (Minn. App. 2010).

In this case, the original sentence did not include conditional release, either in the district court's oral pronouncement or in the written warrant of commitment that was signed by the court. Because the district court's order being appealed here essentially adds the term to appellant's sentence, we conclude that the court erred in denying appellant's motion for correction of his sentence to vacate that term.

Finally, we note that appellant was on notice that he was subject to a ten-year conditional release term. The term was referenced in the complaint, the possibility of a conditional release term was mentioned in a paragraph of the plea petition, and the ten-year conditional release term was included in notations on the register of actions and the DOC's sentencing detail document. While this notice was insufficient for the reasons previously stated, prior to expiration of the sentence the district court could have amended or corrected the sentence to add this mandatory term. The fact that appellant had notice of the ten-year conditional release term would have weighed against any argument he might have made to challenge the court's amendment of his sentence. *See, e.g.*, *State v. Calmes*, 632 N.W.2d 641, 645 (Minn. 2001) (discussing due process limitations on court's ability to correct sentence when defendant claims to have "crystallized expectation of finality" in originally imposed sentence); *State v. Garcia*, 582 N.W.2d 879, 881 (Minn. 1998) (same); *Humes*, 581 N.W.2d at 320-21 (same). However, no attempt was made to amend or correct the sentence prior to its expiration.

Because the conditional release term was not imposed by the district court prior to expiration of the sentence, the court lacked authority to modify appellant's sentence to include conditional release. The district court's order denying appellant's motion for

correction of his sentence is therefore reversed and remanded and the district court is instructed to vacate the ten-year term of conditional release.

**Reversed and remanded.**