# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A14-1740

Bradley Tipka,
Relator,

vs.

Lincoln International Charter School,
Respondent.

**Filed June 8, 2015**
**Writ of certiorari discharged**
**Ross, Judge**

Lincoln International Charter School

David P. Jendrzejek, Moss & Barnett, Minneapolis, Minnesota (for relator)

William L. Davidson, Lind, Jensen, Sullivan & Peterson, P.A., Minneapolis, Minnesota; and

John A. Cairns, John Cairns Law, P.A., Minneapolis, Minnesota (for respondent)

Considered and decided by Peterson, Presiding Judge; Ross, Judge; and Johnson, Judge.

## S Y L L A B U S

A charter school board's allegedly improper employment decision to discharge its principal is not subject to this court's review by writ of certiorari under Minnesota Statutes section 480A.06, subdivision 3, because a charter school is not a public corporation.

**O P I N I O N**

**ROSS**, Judge

Minnesota nonprofit corporation Lincoln International Charter School employed Bradley Tipka as its executive director until August 2014, when Lincoln's board terminated his employment. Tipka petitioned this court for writ of certiorari to review the termination decision. He maintains that we should nullify the board's termination decision because two board members voting to discharge him were statutorily unqualified to serve on the board. He also contends that the decision was arbitrary. We questioned jurisdiction before oral argument, and counsel for both parties provided thorough and helpful responses. Counsel for the parties agree that this court lacks jurisdiction for the requested certiorari review. The controlling statutes lead us to the same conclusion, and we therefore discharge the writ.

**ISSUE**

Does this court have subject matter jurisdiction under Minnesota Statutes section 480A.06, subdivision 3, to issue a writ of certiorari reviewing the alleged unlawfulness of a charter school board's decision to discharge its principal?

**ANALYSIS**

The bases for this court's subject matter jurisdiction are defined by statute. *See* Minn. Stat. § 480A.06 (2014). One basis is certiorari review. *Id.*, subd. 3. The writ of certiorari is a means of judicial review of an administrative body's quasi-judicial decision when there is no other legal remedy or adequate means of review. *Dietz v. Dodge Cnty.*, 487 N.W.2d 237, 239 (Minn. 1992). With specified exceptions, we "have jurisdiction to issue writs of certiorari to all agencies, public corporations and public officials." Minn.

2

Stat. § 480A.06, subd. 3. The question before us therefore is whether a charter school board, which the parties agree is neither an agency nor a public official, is a "public corporation" so that the statute confers on us certiorari jurisdiction to review the Lincoln International Charter School board's decision to discharge Tipka.

Before the advent of charter schools in Minnesota, the supreme court held that the writ of certiorari is the "proper and only method of appealing school board decisions on teacher related matters." *Dokmo v. Indep. Sch. Dist. No. 11, Anoka-Hennepin*, 459 N.W.2d 671, 673 (Minn. 1990). The legislature later created the framework for charter schools now codified in Minnesota Statutes section 124D.10. *See* 1991 Minn. Laws ch. 265, art. 9, § 3, at 1123–29 (creating the statutory structure for "outcome-based schools," later renamed "results-oriented charter schools," 1995 Minn. Laws 1st Spec. Sess. ch. 3, art. 9, § 2, at 3352). Despite the educational purpose of charter schools and their other similarities to traditional public schools, the legislature has distinguished charter schools from other public schools in ways that indicate charter schools are not public corporations whose decisions are subject to our certiorari review.

The legislature nowhere defines "public corporation." *Cf.* 2005 Minn. Laws ch. 69, art. 4, § 1, at 391 (repealing Minnesota Statutes section 300.02 (2004), which defined "public corporation" as "a corporation formed solely for public and governmental purposes"). But its use of the term in the school setting controls our decision. From 1959 to 2011, the legislature identified three types of public school districts—common, independent, and special—and expressly deemed each of them a public corporation. *See* Minn. Stat. § 123A.55 (2010) ("Districts shall be classified as common, independent, or

3

special districts, each of which is a public corporation.”); 1959 Minn. Laws ch. 71, art. III, § 2, at 1710. The legislature amended the statute in 2011 to begin including charter districts among public school districts. 2011 Minn. Laws 1st Spec. Sess. ch. 11, art. 1, § 8, at 1444. Since then, the statute has specified, “[School] Districts shall be classified as common, independent, special, or charter districts.” Minn. Stat. § 123A.55 (2014). But when the legislature specifically added charter districts to the class of school districts, it also specifically omitted charter districts from its public-corporation list, stating in the immediately following sentence, “Each common, independent, and special district is a public corporation.” *Id.*

Although section 123A.55 does not expressly declare that charter schools are *not* public corporations, it implies that they are not. We interpret statutes to discern and apply the legislature’s intent. *Olson v. Ford Motor Co.*, 558 N.W.2d 491, 494 (Minn. 1997). We can discern the legislature’s intent from what it says and, in some cases, from what it does not say. That is, when a statute’s wording implies that the legislature has omitted a term intentionally, we can draw meaning from the omission. We do so here based on a recognized interpretive doctrine, *expressio unius est exclusio alterius*, or in English, the expression of the one is the exclusion of another. *See State v. Caldwell*, 803 N.W.2d 373, 383 (Minn. 2011). Seeing that the legislature first listed three types of public school districts and declared all of them to be public corporations, but that when it added the fourth type of school district it listed only the first three as public corporations, we are certain that the legislature intentionally omitted the fourth type—charter school districts—from the class of public corporations.

Because Lincoln is called a school, not a district, the only remaining question is whether the legislature's term "charter districts" in section 123A.55 means "charter schools." If it does, we lack jurisdiction here. Although the term "charter districts" does not appear in any other statute and it is not defined in this one, the context indicates that it can mean only charter schools. Even if we held open the idea that by using "charter districts" rather than "charter schools" the legislature might have meant something other than charter schools, the legislative history ends any speculation. The official summary of the bill establishing the 2011 amendment to section 123A.55 plainly indicates that "districts" and "schools" are synonyms for the purpose of the statute, predicting that the amendment would require officials "to include charter schools as a type of school district." H. Research B. Summary for H.F. 26 (July 21, 2011). Testimony at a House committee meeting on the legislation illuminates why the drafters chose the term "districts" rather than "schools" and reinforces the proposition that the two carry the same meaning. The testimony shows that the amendment was drafted to allow the state to disburse money to charter schools from the permanent school fund. Hearing on H.F. 783 before the H. Ed. Fin. Comm. (Mar. 14, 2011) (statement of legislative analyst Tim Strom).[1] Distributions from that fund had recently become available to schools. 2008 Minn. Laws ch. 363, art. 2, § 52, at 1846 (repealing Minnesota Statutes section 126C.21, subdivision 1, which required a funding offset). The amendment's author reasoned that public school students attending charter schools should benefit from the fund in the same

[1] The amendment eventually passed as part of H.F. 26 during a 2011 special session, but in the regular 2011 session, legislators had discussed it as H.F. 783 and H.F. 934.

way that other public school students benefit from it. Hearing on H.F. 783 (statement of Rep. Garofalo). The technical problem was that, under the wording of the constitution, the fund is to be distributed specifically to "school *districts* of the state." Minn. Const. art. XI, § 8 (emphasis added). So the legislature used the term "charter *districts*" rather than "charter *schools*" not to suggest that charter districts are something other than charter schools, but only to creatively describe charter schools in a manner that allowed them to receive fund disbursements as "districts." Hearing on H.F. 783 (statement of Mr. Strom). Based on both the statute's language and the circumstances that led to it, we hold that "charter districts" in Minnesota Statutes section 123A.55 means "charter schools."

That charter schools can be treated differently from other types of public schools is consistent with related statutory provisions. For example, although charter schools are part of the system of public education and are even deemed "public schools," charter schools are generally exempt from statutes and rules that apply to public schools. Minn. Stat. § 124D.10, subd. 7 (2014). Charter schools must be organized as nonprofit corporations. *Id.*, subd. 4(b) (2014). The provisions in chapter 317A governing nonprofit corporations generally apply to charter schools. *Id.*, subd. 4(a) (2014). These statutes provide legal remedies for a challenger to enjoin various charter-school actions, but the language does not suggest that they apply to other public schools. *See* Minn. Stat. § 317A.165, subds. 2, 3 (2014). And charter schools, unlike other public schools, can be created by private entities. *See* Minn. Stat. § 124D.10, subds. 3(b), 4(a) (2014). That charter schools share some characteristics with other types of public schools does not

6

cloud our holding that charter schools, unlike those other schools, are not public corporations.

We recognize that our conclusion that we lack jurisdiction over this matter is not consistent with our previous approach. We have issued at least one unpublished opinion assuming that jurisdiction existed for our certiorari review of a charter school's operational decision. *See, e.g.*, *Ellis v. BlueSky Charter Sch.*, No. A09-1205, 2010 WL 1541352, at *1 (Minn. App. Apr. 20, 2010), *review denied* (Minn. June 15, 2010). But we did so before the legislature amended section 123A.55 so as to establish unmistakably that charter schools are not public corporations. So although we exercised jurisdiction by certiorari review to decide that case, we lack it today. More important, our subject matter jurisdiction was never raised or discussed in that case, as it was merely assumed. For that reason, even if we had published our *Ellis* opinion, it would not bind us to exercise jurisdiction now. This is because our rendering a decision resolving a case in which jurisdiction was never challenged does not establish precedent for jurisdiction. *See Chapman v. Dorsey*, 230 Minn. 279, 288, 41 N.W.2d 438, 443 (1950). A court's subject matter jurisdiction is always an issue, and so it may be raised at any time by the parties or by the court. *Dead Lake Ass'n, Inc. v. Otter Tail Cnty.*, 695 N.W.2d 129, 134 (Minn. 2005). We therefore raise and decide the issue *sua sponte* without regard to our previous jurisdictional assumption.

## D E C I S I O N

Charter schools are not "public corporations" subject to our certiorari jurisdiction conferred by Minnesota Statutes section 480A.06, subdivision 3. We therefore lack

7

certiorari jurisdiction to review Tipka's claim that the Lincoln International Charter School arbitrarily discharged him.

**Writ of certiorari discharged.**