**Lee Thomas MARTINEK,**
**petitioner, Appellant,**

**v.**

**STATE of Minnesota, Respondent.**

**No. A03–1033.**

Court of Appeals of Minnesota.

May 4, 2004.

John M. Stuart, State Public Defender, Cathryn Middlebrook, Assistant State Public Defender, Minneapolis, MN, for appellant.

Mike Hatch, Attorney General, St. Paul, MN and Amy Klobuchar, Hennepin County Attorney, Michael Richardson, Assistant County Attorney, Minneapolis, MN, for respondent.

Considered and decided by HARTEN, Presiding Judge, RANDALL, Judge, and KLAPHAKE, Judge.

## OPINION

KLAPHAKE, Judge.

Appellant Lee Thomas Martinek appeals from an order denying his petition for postconviction relief. Appellant challenges the addition of a 10–year conditional release term to his sentence for second-degree criminal sexual conduct, arguing that the district court could not add sanctions after expiration of his sentence.

Because the district court judge's letter to the Department of Corrections (DOC), which was neither filed in the court file nor served on appellant, is not an effective order to amend appellant's sentence, and

because appellant's sentence expired before a valid order was issued, we reverse.

## FACTS

On September 7, 1994, appellant pleaded guilty to one count of second-degree criminal sexual conduct for an offense committed on July 23, 1994. *See* Minn.Stat. § 609.343, subd. 1(a) (1994). At the time of this plea, appellant was on probation for a 1991 conviction for third-degree criminal sexual conduct. According to the plea negotiations, appellant agreed to plead guilty in exchange for a guidelines sentence, to be served concurrent with the 88–month unexecuted sentence on the 1991 conviction. No conditional release requirement was mentioned. *See* Minn.Stat. § 609.346, subd. 5 (1994).[1]

On October 31, 1994, after a presentence investigation, the district court accepted appellant's plea, sentenced him to 54 months, and executed his suspended sentence on the 1991 conviction. Both sentences were to be served concurrently. At the sentencing hearing, the prosecutor stated:

> One other thing [the probation officer] pointed out to me, under Minn.Stat. 609.346, Subd. 5, [appellant] will be on supervised release following the length of the sentence in that the Court is to advise him that he will be on supervised release. It is unclear whether he will have to serve an additional five years of release time or 10 years depending on how the Commissioner construes that statute regarding second or subsequent offenses with you. In any event, I think [appellant] should be aware that there will be additional supervisory period following his release from prison and parole status.

Neither appellant nor his attorney commented on the prosecutor's statements. The district court imposed the 54–month sentence, explaining that at least two-thirds of it must be served in prison and that the remaining one-third would be on supervised release, unless appellant committed a disciplinary violation. In that case, the court warned appellant that "if [he commited] a disciplinary violation in or out of prison [his] actual time in prison could be extended to the entire 54 months in this case." The court added, "What I am hearing here is if there's a lack of clarity and when we proceed to the revocation whether there will be extended time added onto the supervisory release, ... is that correct?" The prosecutor responded, "That is correct, Your Honor."

The court then executed appellant's sentence on the 1991 conviction. The following exchange ensued:

> THE COURT: ... Now, there is some question as we've discussed earlier in court here exactly how long your supervisory release will be between the revocation matter as well as the plea that you put in today.
>
> [APPELLANT]: I understand.
>
> THE COURT: That will be determined and you will have notice but I think they need to look at your previous matter as well as new matter and figure out how that sentence will be structured.
>
> [APPELLANT]: Yes.
>
> THE COURT: Any questions?
>
> [APPELLANT]: Nope.

The sentencing judgment and warrant of commitment contained no reference to any conditional release.

In 1996, the DOC contacted the district court judge to determine whether conditional release terms had been added to the

---

1. In 1998, the requirement for conditional release of sex offenders was recodified at Minn.Stat. § 609.109, subd. 7 (2002). *See* 1998 Minn. Laws ch. 367, art. 6, § 6.

sentences. On April 3, 1996, the judge wrote a letter to the DOC stating that appellant's sentence should include a 10–year conditional release period, minus any time spent on supervised release. Appellant did not receive a copy of this letter and the letter apparently remained in the DOC file; it was never filed or included in the district court file. On October 3, 1999, appellant's sentence for the 1994 conviction expired; on July 3, 2001, appellant's 88–month sentence for the 1991 conviction expired.

On April 25, 2000, the district court issued amended sentencing orders, adding a conditional release term of five years to the 1991 conviction and ten years to the 1994 conviction. No hearing was held and appellant testified that he did not receive the amended orders.

Assuming that he was discharged, appellant failed to contact his parole officer after his 1991 sentence expired on July 3, 2001. He was subsequently arrested on a warrant for failing to keep in touch with his parole officer while on conditional release.

On May 30, 2002, appellant petitioned for postconviction relief from the amended sentencing orders. On July 2, the district court vacated both orders, concluding that the 1991 conviction pre-dated the conditional release law and that the 1994 sentence expired prior to issuance of the amended sentencing orders. The district court expressly stated: "The Court notes however that [appellant's] motion is limited to the Amended Sentencing Orders issued on April 26, 2000 and therefore this Court takes no position as to the validity of the 1996 letter sent and filed by [the original district court judge]."

After this order was entered, appellant assumed he was discharged, but he was again arrested and held for failing to contact his parole officer while on conditional

release. Appellant filed a second petition for postconviction relief. On June 3, 2003, the district court issued an order denying his request for relief, concluding that appellant had been advised at sentencing that an additional supervisory period would be imposed and that the district court judge's 1996 letter constituted an order. This appeal followed.

### ISSUE

Did the district court abuse its discretion by denying appellant's request for postconviction relief?

### ANALYSIS

■ Appellate review of a postconviction proceeding is limited to determining whether there is sufficient evidence to support the findings of the postconviction court and whether the postconviction court abused its discretion. *State v. Christopherson,* 644 N.W.2d 507, 509–10 (Minn. App.2002), *review denied* (Minn. July 16, 2002).

■ "The United States and Minnesota Constitutions, through their due process clauses, ensure that sentencing proceedings observe the standards of fundamental fairness essential to justice." *State v. Calmes,* 632 N.W.2d 641, 645 (Minn.2001) (quotation omitted). "In sentencing proceedings, due process requires that a defendant have notice, an opportunity to be heard, and an opportunity to confront and cross-examine witnesses." *State v. Kortkamp,* 560 N.W.2d 93, 96 (Minn.App.1997). Considerations of due process are also implicated when a defendant is not accurately apprised of the consequences of a plea. *See State v. Wukawitz,* 662 N.W.2d 517, 521 (Minn.2003).

■ At issue here is whether the district court's 1996 letter to the DOC, which was neither filed nor served on appellant,

constituted a valid, enforceable order. We conclude that fundamental principles of due process require that a defendant be given some notice of an order before that order can be effective.

▪ A district court may correct an unauthorized sentence without violating due process, where a defendant has notice that a correction is required and has not developed a crystallized expectation as to the finality of the sentence. *Calmes*, 632 N.W.2d at 648. In *Calmes*, the district court added a conditional release term two weeks after sentencing. Calmes immediately moved to vacate the conditional release term, and the sentencing court granted the motion. *Id.* at 644. Between that time and the time of his release, the supreme court released a number of decisions holding that the conditional release term is mandatory and nonwaivable. *Id.* Upon Calmes' release, the sentencing court reimposed, through an amended sentencing order, the five-year conditional release term. *Id.* On appeal from the amended sentencing order, the supreme court concluded that Calmes had sufficient notice of the requirement of conditional release due to the district court's earlier attempt to impose a conditional release requirement. *Id.* at 648–49.

While the facts of this case tend to resemble those in *Calmes*, nothing in the record here shows that appellant received any notice that a conditional release term had been imposed. At sentencing, the district court merely acknowledged that a term would be imposed at some later time. While an amended sentencing order was subsequently issued, that order was vacated by the first postconviction court because appellant's sentence expired before the order was issued. Here, the state attempts to rely solely on the district court judge's 1996 letter to the DOC, which was neither filed with the court administrator, nor included in the district court file. There is no evidence that appellant received a copy of the letter, which was simply placed in the DOC's file. Given these facts, we conclude that the 1996 letter cannot be construed as an order amending appellant's sentence.

▪ To be effective, a court order must become a part of the official record, whether by transcript or document. *See State v. Hoelzel*, 639 N.W.2d 605, 609 (Minn.2002) (stating that district court's record conviction and enter judgment in court file); *State v. Pflepsen*, 590 N.W.2d 759, 767 (Minn.1999) (stating that because of imprecision of transcripts relating to sentencing and conviction orders, "we typically look to the official judgment of conviction, which generally appears as a separate entry in the file"). An exchange of letters, to which a defendant is not privy and which is not made a part of the official record, deprives a defendant of a fundamental right of due process. On the facts before us, appellant did not receive notice of the imposition of conditional release, nor could he have discovered this by reviewing the district court file.

▪ Finally, we acknowledge that if appellant had not been discharged from his sentence, an amended sentencing order could be entered imposing a conditional release term. However, "[t]he expiration of a sentence operates as a discharge that bars further sanctions for a criminal conviction." *State v. Purdy*, 589 N.W.2d 496, 498 (Minn.App.1999). While conditional release is mandatory and nonwaivable, it represents a significant modification to a criminal sanction, carrying with it the possibility of imprisonment for an additional 10 years. *See Calmes*, 632 N.W.2d at 650. Once a sentence has expired, the court no longer has jurisdiction to modify even what may be an unauthorized sentence. *Purdy*, 589 N.W.2d at 498–99. The district court

no longer has jurisdiction to modify appellant's sentence by adding a conditional release term.

**DECISION**

Because the district court's 1996 letter cannot be construed to amend appellant's sentence and because appellant's sentence has since expired, the district court lacks authority to add a conditional release term to his sentence. The district court therefore abused its discretion by denying appellant's petition for postconviction relief.

**Reversed.**