HALBROOKS, Judge
Following his conviction of failing to register as a predatory offender, appellant argues that the district court lacked jurisdiction to impose a ten-year term of conditional release. We affirm.
FACTS
Appellant Michael Allen Franson was required to register as a predatory offender following his 1987 conviction of criminal sexual conduct. In 2009, he pleaded guilty to one count of failing to register as a predatory offender. The district court sentenced Franson to 15 months in prison, a mitigated durational departure, but failed to include the statutorily mandated conditional-release term. See Minn. Stat. § 243.166, subd. 5a (2016) (mandating imposition of a ten-year conditional-release term if the predatory offender is deemed to be a risk-level III at the time of the offense); see also Minn. Stat. § 244.052, subd. 3(a) (2016) (requiring commissioner of corrections to establish end-of-confinement review committee to assess risk level of predatory offenders who are near prison release date). Three months later, after the Minnesota Department of Corrections advised the district court that Franson was a risk-level-III offender, the district court *785 amended the sentencing order to include the mandated ten-year conditional-release term. The district court amended Franson's sentence without a jury finding or Franson's admission of his risk-level status.
In 2016, while Franson was serving the conditional-release term of his sentence, he moved to correct his sentence, asking the district court to vacate the conditional-release term based on two recent supreme court decisions, Reynolds v. State , 888 N.W.2d 125 (Minn. 2016), and State v. Her , 862 N.W.2d 692 (Minn. 2015). The district court construed the motion as a petition for postconviction relief.
In Her , the supreme court held that a district court may not impose the ten-year conditional-release term for a conviction of failing to register as a predatory offender unless a jury finds or the defendant admits to being a risk-level-III offender. 862 N.W.2d at 696-700 (concluding that determination of defendant's status as a risk-level-III offender is constitutionally required to be found by a jury and risk-level determination is an administrative assessment that does not meet the prior-conviction exception to Sixth Amendment's jury-trial right). In Reynolds , the supreme court concluded that a defendant may challenge a conditional-release term by filing a motion to correct the sentence under Minn. R. Crim. P. 27.03, subd. 9. 888 N.W.2d at 128.
The district court granted Franson's motion, in part, and ordered a resentencing hearing for a jury to determine if Franson was a risk-level-III offender at the time of the offense. Franson appealed the district court's decision to hold a resentencing hearing. A special-term panel of this court dismissed the appeal on the ground that it was premature. See Franson v. State , No. A16-1872 (Minn. App. Feb. 28, 2017) (order).
The district court held a resentencing hearing on September 25, 2017. Franson moved to terminate the proceedings and vacate the conditional-release term, arguing that the original complaint did not include any reference to his risk-level designation and that it was too late for the state to amend the complaint. In response, the state moved to amend the complaint. In a September 29, 2017 order, the district court denied the state's motion and terminated the proceedings, determining that, because the complaint did not allege that Franson was a risk-level-III offender, there was "no question for a jury to consider." Also on that date, the district court issued a second amended sentencing order stating that Franson had served all of his 15-month sentence and "there is no conditional release period following the executed prison term."
When the district court terminated the sentencing proceedings and declared the nonexistence of a conditional-release term, neither the district court nor the parties were aware that, nine days earlier, the supreme court had filed its decision in State v. Meger , in which it held that Her does not apply retroactively. 901 N.W.2d 418, 425 (Minn. 2017). Based on Meger , the state moved the district court for leave to file a motion to reconsider its decision, and the district court granted the state's request. Before the state's time to appeal expired, the state moved to reconsider based on Meger .[1] See *786 Minn. R. Crim. P. 28.04, subd. 1(2), .05, subd. 1 (providing 90-day appeal period for sentencing appeals). On January 4, 2018, the district court issued a third amended sentencing order, reimposing Franson's ten-year conditional-release term. This appeal follows.
ISSUE
Did the district court have jurisdiction to reimpose the ten-year term of conditional release?
ANALYSIS
Franson argues that the district court lacked jurisdiction to reimpose conditional release after it removed the conditional-release term on the basis that Franson's sentence had expired.[2] The state contends that the district court properly exercised its authority and jurisdiction under Minn. R. Crim. P. 27.03, subd. 9, to correct a sentence unauthorized by law. Challenges to a district court's authority and jurisdiction are reviewed de novo. State v. Pflepsen , 590 N.W.2d 759, 763 (Minn. 1999).
For certain convictions, conditional release is mandatory and nonwaivable. State v. Calmes , 632 N.W.2d 641, 644 (Minn. 2001). The supreme court has defined conditional release as "a term of probation ... imposed upon a sex offender after he or she has completed his or her sentence." Id. at 644 n.2 (quotation omitted). An offender who violates any condition of release is subject to reincarceration. Id. Applicable here, if a risk-level-III predatory offender is convicted of failing to register, the district court "shall" place the offender on conditional release for ten years. See Minn. Stat. § 243.166, subd. 5a ; see also State v. Bluhm , 676 N.W.2d 649, 652 (Minn. 2004) (noting that "shall" is mandatory). A district court has authority to, at any time, correct a sentence that is not authorized by law. See Minn. R. Crim. P. 27.03, subd. 9 ; Reynolds , 888 N.W.2d at 129.
Franson argues that his sentence expired when the district court removed the conditional-release term from his sentence because that was then the only remaining term. See State ex rel. Peterson v. Fabian , 784 N.W.2d 843, 846 (Minn. App. 2010) (noting that a sentence expires after completion of term of imprisonment and supervised release); see also Minn. Stat. §§ 244.01, subds. 7, 8, .05, subd. 1b(a) (2016). Based on his position that his sentence expired, Franson contends that the district court had no authority to impose the conditional-release term following the issuance of Her . See State v. Purdy , 589 N.W.2d 496, 498 (Minn. App. 1999) ("The expiration of a sentence operates as a discharge that bars further sanctions for a criminal conviction."). We disagree for the following reasons.
First, the supreme court's remand instructions in Meger and Her imply that a district court retains jurisdiction to correct a sentence that contains a particular conditional-release term or lacks a statutorily mandated conditional-release term. See Meger , 901 N.W.2d at 425 (reversing this *787 court's determination that ten-year conditional-release term should be vacated and remanding to the district court with instructions to "reinstate Meger's conditional-release term"); Her , 862 N.W.2d at 694, 700 (vacating conditional-release term and remanding to district court for further proceedings after expiration of Her's terms of imprisonment and supervised release).
On September 7, 2006, Meger was sentenced to 20 months in prison for failing to register as a predatory offender; four months later, after receiving a letter from the department of corrections that Meger was a risk-level-III offender, the district court amended the sentence to include a ten-year conditional-release term. Meger , 901 N.W.2d at 420. In June 2014, Meger moved to correct his sentence because a jury had not determined his risk level, and the district court denied the motion. Id. After the supreme court issued its decision in Her , Meger moved for reconsideration and the district court applied Her retroactively, vacating Meger's conditional-release term. Id.
We affirmed. State v. Meger , No. A15-1823, 2016 WL 3961841 (Minn. App. July 25, 2016), rev'd , 901 N.W.2d 418 (Minn. 2017). The supreme court reversed this court's decision, concluding that Her announced a new rule that does not retroactively apply to Meger's amended sentence.[3] Id. at 425. The supreme court reasoned that, in order "to be eligible for correction under Rule 27.03, subdivision 9, the sentence must have been illegal at the time it was imposed." Id. (quotation omitted). Because Her did not apply retroactively to Meger's amended sentence, Meger's sentence was lawful when it was imposed, and his motion to correct the sentence should have been denied. Id. The supreme court remanded to the district court with instructions to "reinstate Meger's conditional-release term." Id. The supreme court's remand instructions in Her and Meger suggest that the district court does not lack jurisdiction to impose a lawful conditional-release term, even when the defendant has otherwise completed the terms of imprisonment and supervised release.
Second, the district court's jurisdiction did not end when the district court removed Franson's conditional-release term.[4] In Reynolds , the supreme court held that a motion to correct a sentence under rule 27.03, subdivision 9, is an appropriate way to challenge conditional release: a district court exceeds its lawful authority when it imposes a ten-year conditional-release term "on a defendant convicted of failing to register as a predatory offender without the required jury finding or admission by the defendant that the defendant is a risk-level-III offender." 888 N.W.2d at 130. But Franson's conditional-release term was authorized when the district court issued the second amended sentencing order on September 29, 2017, stating that the sentence was satisfied without a conditional-release term. To be eligible *788 for correction under rule 27.03, subdivision 9, the sentence must not have been authorized by law when it was imposed. Meger , 901 N.W.2d at 425. Because Her is not retroactive, Franson's period of conditional release was authorized when it was first imposed, and the district court should not have vacated the conditional-release term. Accordingly, the district court had jurisdiction to reimpose the legal and mandatory conditional-release term.
Franson argues that Purdy , 589 N.W.2d 496, and Martinek v. State , 678 N.W.2d 714 (Minn. App. 2004), are controlling here and contends that when the district court vacated the conditional-release term, the district court automatically lost jurisdiction to correct his sentence. We are not persuaded. In Purdy , the district court imposed prison sentences but did not include a conditional-release term. 589 N.W.2d at 497. After Purdy was released from prison and was serving supervised release, the district court's law clerk responded to a letter from the department of corrections regarding the conditional-release term, stating that the district court intended to impose a ten-year period of conditional release. Id. But the district court did not issue an order amending Purdy's original sentence. Id. at 497-98. We held that the letter was not an order and that the district court did not amend Purdy's sentence to include a conditional-release term before Purdy's sentence expired. Id. at 499.
Similarly, in Martinek , the district court imposed a prison sentence but did not include a conditional-release term. 678 N.W.2d at 716. Two years after sentencing, the district court sent a letter to the department of corrections stating that Martinek's sentence should include a conditional-release term. But the letter was never filed or included in the district court file, and Martinek did not receive the letter. Id. at 717. After Martinek completed the terms of imprisonment and supervised release, the district court issued an amended sentencing order to include a conditional-release term. Id. We concluded that, because Martinek's sentence had expired before the amended sentencing order was issued, the district court lacked authority to amend the sentencing order to add the conditional-release term to Martinek's sentence. Id. at 719.
These cases do not control here. In both Purdy and Martinek , the defendants were not on notice that conditional release was a mandatory part of their sentences, and the district court did not amend the sentences to include conditional-release terms until after their sentences expired. Therefore, the conditional-release terms were imposed after the defendants developed a crystallized expectation of finality in their sentences. See Martinek , 678 N.W.2d at 718 ; see also Calmes , 632 N.W.2d at 645 (recognizing that a due-process violation may occur when a "sentence is enhanced after the defendant has developed a crystallized expectation of finality" in the sentence). Here, in contrast, Franson was on notice that conditional release was a mandatory term of his sentence. See Calmes , 632 N.W.2d at 648 (stating that, at the time conditional release was removed from his sentence, the defendant had notice that he was statutorily required to serve conditional release).
In Franson's case, the complaint referred to conditional release as a penalty for the charged offense, Franson's sentence was amended to include the conditional-release term less than three months after the original sentencing hearing, and conditional release was lawfully imposed while Franson was still serving the term of imprisonment. Despite the district court's September 29, 2017 order vacating conditional release, Franson "could not have developed a reasonable crystallized expectation *789 of finality in a sentence that did not include a mandatory and nonwaivable condition." See id . Given the supreme court's decision in Meger that Her does not apply retroactively and the state's motion for reconsideration challenging the district court's order vacating conditional release, Franson did not have a crystallized expectation of finality in a sentence that did not include a conditional-release term.
DECISION
The district court had jurisdiction to reimpose the mandatory conditional-release term because the conditional-release term was authorized when it was imposed and Franson did not have a crystallized expectation of finality in a sentence that did not include a conditional-release term.
Affirmed.
Dissenting, Randall, Judge*

Minn. R. Gen. Prac. 115.11 provides that, in civil actions, "[m]otions to reconsider are prohibited except by express permission of the court." The rules of criminal procedure do not expressly authorize motions for reconsideration, but they also do not preclude such motions, and the supreme court has recognized that the district court has authority to entertain such a motion before the state's time for appeal has expired. See State v. Montjoy , 366 N.W.2d 103, 107-08 (Minn. 1985) ; see also State v. Papadakis , 643 N.W.2d 349, 356-57 (Minn. App. 2002) (acknowledging district court's authority to consider motions to reconsider and stating that a motion to reconsider "may be the most efficient and preferable course of action" because it can spare parties the time and expense of appeal). A motion for clarification or reconsideration filed within the time limit for filing a notice of appeal preserves the state's right to appeal from the earlier order. See State v. Wollan , 303 N.W.2d 253, 255 (Minn. 1981) ; see also State v. Palmer , 749 N.W.2d 830, 831 (Minn. App. 2008).

The district court did not use the term "vacate."

The supreme court assumed without deciding that it is the finality of the sentence that is the touchstone for determining retroactive effect, and it used the date on which Meger's amended sentence became final, i.e., "when the time to file an appeal of his amended sentence would have expired." 901 N.W.2d at 421 n.3. Regardless, Meger conceded that his case was final and not pending on direct review when Her was decided. Id. Franson also does not dispute that his case was final and not pending on direct review when the district court amended his sentence in 2009 to include the conditional-release term.

Conditional release is a mandatory part of a sentence. See State v. Brown , 606 N.W.2d 670, 673 n.3 (Minn. 2000) (recognizing that a conditional-release term is a mandatory part of a sentence for certain offenses).

Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.