RANDALL, Judge (dissenting)
I respectfully dissent.
The facts and reasoning in this case are similar to this court's prior unpublished decisions in State v. Jones , No. A17-0632, 2018 WL 1145861 (Minn. App. Mar. 5, 2018), and State v. Carlson , No. A18-0144, 2018 WL 4391101 (Minn. App. Sept. 17, 2018). These decisions are not precedential. Minn. Stat. § 480A.08, subd. 3 (2016). But I find their reasoning persuasive, logical, and a fit on the facts and I would follow them. See State v. Roy , 761 N.W.2d 883, 888 (Minn. App. 2009) (acknowledging that prior unpublished opinion was not precedential, but finding the opinion's reasoning persuasive and adopting it), review denied (Minn. May 10, 2009).
In Jones , we concluded that the district court divested itself of jurisdiction to resentence Jones and reimpose conditional release after "the district court had already granted [Jones's] motion to vacate the conditional-release term" based on State v. Her , 862 N.W.2d 692 (Minn. 2015). 2018 WL 1145861, at *2-3. Although the district court reimposed conditional release in Jones before the supreme court decided that Her was not retroactive in State v. Meger , 901 N.W.2d 418, 425 (Minn. 2017), "[o]nce a sentence has expired, the court no longer has jurisdiction to modify even what may be an unauthorized sentence." Id. at *2 (quoting Martinek v. State , 678 N.W.2d 714, 718 (Minn. App. 2004) ).
Similarly, in Carlson , we held that Carlson's sentence expired when the district court vacated the conditional-release term after he completed his prison sentence and supervised release, because conditional release "was the last remaining condition of his sentence." 2018 WL 4391101, at *2. Because the sentence had expired, the district court was divested of jurisdiction and lost "its ability to reimpose the conditional-release term despite the supreme court's holding in Meger " that Her was not retroactive. Id. As a result, we concluded that the district court erred in reimposing the conditional-release term and we reversed. Id.
Applying the logical reasoning in these cases to Franson's case, the district court had lost jurisdiction when it vacated conditional release in the September 29, 2017 order, the last remaining condition of Franson's sentence. The district court expressly stated that the sentence had been "served and satisfied." The district court no longer had jurisdiction. Therefore, the *790 district court did not have jurisdiction to reimpose the conditional-release term.
I would reverse and remand to the district court with instructions to vacate the conditional-release term.