# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A24-1275

Fidel Pizarro-Rios, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed June 2, 2025**
**Reversed and remanded**
**Ede, Judge**

Carver County District Court
File No. 10-CR-14-228

Cathryn Middlebrook, Chief Appellate Public Defender, Chang Y. Lau, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Mark Metz, Carver County Attorney, Angella Erickson, Assistant County Attorney, Chaska, Minnesota (for respondent)

Considered and decided by Bentley, Presiding Judge; Ede, Judge; and Harris, Judge.

## SYLLABUS

*State v. Franson*, 921 N.W.2d 783 (Minn. App. 2018), *rev. denied* (Minn. Feb. 27, 2019), which held that a district court had jurisdiction to reimpose a mandatory conditional-release term because the conditional-release term was authorized when it was imposed and the defendant did not have a crystallized expectation of finality in a sentence that did not include a conditional-release term, is inapposite to cases that do not involve resentencing

proceedings for determination of a defendant's predatory-offender risk level based on the Minnesota Supreme Court's decision in *State v. Her*, 862 N.W.2d 692 (Minn. 2015).

## OPINION

**EDE**, Judge

In this appeal from the district court's denial of his motion to correct his sentence, appellant argues that, because the sentence had expired, the district court did not have subject-matter jurisdiction to reimpose a mandatory ten-year conditional-release term that the court had previously vacated.[1] Appellant also maintains that our opinion in *State v. Franson*, 921 N.W.2d 783 (Minn. App. 2018), *rev. denied* (Minn. Feb. 27, 2019)—on which the district court relied in rejecting appellant's jurisdictional argument—was wrongly decided and should be overturned. Because we conclude that *Franson* is distinguishable and that the district court lacked subject-matter jurisdiction to modify appellant's sentence by reimposing a conditional-release term after the sentence had expired, we reverse the district court's order denying appellant's motion to correct his

---

[1] In his initial brief, appellant asserted that the district court abused its discretion by reimposing the conditional-release term because the court did not commit him to prison upon resentencing him to a stayed sentence. Appellant also contended that the district court did not have the authority to execute his sentence without first holding a trial per *Blakely v. Washington*, 542 U.S. 296, 296 (2004). Given that a district court's subject-matter jurisdiction "is a threshold question" that appellate courts may raise sua sponte, we ordered the parties to file supplemental briefing addressing whether the district court had jurisdiction to reimpose the conditional-release term. *Kingbird v. State*, 973 N.W.2d 633, 637 (Minn. 2022); *see also Reed v. State*, 793 N.W.2d 725, 731 (Minn. 2010) ("Because a subject-matter-jurisdiction claim involves a court's power to hear a case, the claim can never be forfeited or waived." (quotation omitted)). In light of our conclusion that the district court lacked jurisdiction to reimpose the conditional-release term after appellant's sentence expired, we do not reach the merits of appellant's initial arguments.

2

sentence and remand for the court to vacate the amended sentencing order that reimposed the ten-year conditional-release term.

**FACTS**

In a juvenile-delinquency proceeding, respondent State of Minnesota charged appellant Fidel Pizarro-Rios with criminal sexual conduct and moved to certify him for adult prosecution. The parties later reached an agreement to resolve the case.

In early March 2014, Pizarro-Rios waived his right to a certification hearing and agreed to be tried as an adult. The state filed an adult criminal complaint that charged Pizarro-Rios with third-degree criminal sexual conduct, in violation of Minnesota Statutes section 609.344, subdivision 1(b) (2012). The complaint alleged that, between November and December 2012, Pizarro-Rios engaged in sexual intercourse "with a person who was at least 13 but less than 16 years of age" and that he was "more than 24 months older than the complainant."[2] Because Pizarro-Rios was "no more than 48 months but more than 24 months older than the complainant" at the time of the offense, the statutory maximum sentence was "not more than five years." Minn. Stat. § 609.344, subdivision 1(b).[3]

Consistent with the terms of the parties' agreement, Pizarro-Rios pleaded guilty to the offense at the same March 2014 hearing during which he waived his right to contest

---

[2] According to the complaint, Pizarro-Rios was "approximately two years and ten days older than" the complainant.

[3] In 2014, the legislature amended Minnesota Statutes section 609.344, subdivision 1(b), deleting the language that an actor may be imprisoned "for not more than five years" if the actor is "no more than 48 months but more than 24 months older than the complainant." *See* 2014 Minn. Laws ch. 259, § 5, at 934–35.

3

adult certification. The parties stipulated that Pizarro-Rios would receive a stay of adjudication and a three-to-five-year probationary period, with several conditions. Before Pizarro-Rios entered his guilty plea, the district court advised him that, if he violated probation, he could be convicted, sent to prison, and subject to a ten-year conditional-release term, which would apply per Minnesota Statutes section 609.3455, subdivision 6 (2012).[4] In response to questioning by the district court, Pizarro-Rios confirmed that he understood what the court had explained to him. And Pizarro-Rios acknowledged reviewing with his attorney "line by line" a "Petition to Enter Plea of Guilty in Felony Case Pursuant to [Minnesota] Rule [of Criminal Procedure] 15." The petition states that, "[i]n this case, the period of conditional release is 10 years."

Over the next three years, the Minnesota Department of Corrections filed four separate probation violation reports, which alleged that Pizarro-Rios had violated several of his probationary conditions. Pizarro-Rios admitted each of the violations, and the district court responded with an escalating series of sanctions, culminating in the revocation of probation, entry of judgment, and imposition of an executed 70-month prison sentence in

---

[4] The 2012 version of Minnesota Statutes section 609.3455, subdivision 6, provided:

> Subd. 6. Mandatory ten-year conditional release term. Notwithstanding the statutory maximum sentence otherwise applicable to the offense and unless a longer conditional release term is required in subdivision 7, when a court commits an offender to the custody of the commissioner of corrections for a violation of section 609.342, 609.343, 609.344, 609.345, or 609.3453, the court shall provide that, after the offender has completed the sentence imposed, the commissioner shall place the offender on conditional release for ten years, minus the time the offender served on supervised release.

April 2017.[5] At the revocation hearing, the district court told Pizarro-Rios that he had "a conditional release period of ten years," and Pizarro-Rios confirmed that he understood. The district court filed an amended sentencing order on April 3, 2017, committing Pizarro-Rios to the custody of the Minnesota Commissioner of Corrections for 70 months and imposing the ten-year conditional-release term.

In September 2017, Pizarro-Rios petitioned for postconviction relief, arguing that his sentence was unauthorized by law, requesting that he be resentenced, and citing Minnesota Rule of Criminal Procedure 27.03, subdivision 9,[6] among other authority. In particular, Pizarro-Rios contended that, because he was less than four years older than the complainant at the time of the offense, his statutory maximum sentence was five years. *See* Minn. Stat. § 609.344, subd. 1(b); *see also* Minn. Sent'g Guidelines 2.C.2. The district court agreed and filed an order granting Pizarro-Rios's petition on October 2, 2017. That order stated, "IT IS HEREBY ORDERED: that the sentence imposed on April 3, 2017, is vacated and Pizarro[-Rios] is resentenced to a 60-month prison term." The district court's

---

[5] At the time the district court executed his sentence, Pizarro-Rios had a criminal-history score of three and third-degree criminal sexual conduct was a severity level D offense. Based on that criminal-history score and offense severity level, the presumptive-sentence duration in the appropriate cell on the applicable sentencing-guidelines grid was 70 months. *See* Minn. Sent'g Guidelines 4.B (2012). But the guidelines also provide that, "[i]f the presumptive sentence duration in the appropriate cell on the applicable Grid exceeds the statutory maximum sentence for the conviction offense, the statutory maximum is the presumptive sentence." Minn. Sent'g Guidelines 2.C.2 (2012).

[6] Minnesota Rule of Criminal Procedure 27.03, subdivision 9, provides that "[t]he court may at any time correct a sentence not authorized by law."

October 2, 2017 sentencing order did not reimpose the ten-year conditional-release term that the district court had imposed in the April 3, 2017 sentencing order.

Two months later, Pizarro-Rios moved to correct his sentence, again citing subdivision 9 of rule 27.03. Pizarro-Rios asserted that, because the legislature had reclassified the severity level of third-degree criminal sexual conduct from D to G, a further reduction of his sentence to a 30-month stayed term was warranted under the amelioration doctrine.[7] On February 15, 2018,[8] the district court filed an order "for immediate release," granting Pizarro-Rios's motion and stating in relevant part: "The October 2, 2017, Sentencing Order is hereby **vacated**"; "[a] 30-month sentence is imposed and [Pizarro-Rios] shall be given credit for time served"; "[Pizarro-Rios] is deemed to have satisfied that sentence based on his 928 days served in custody"; and "**[Pizarro-Rios] shall be immediately released from custody.**" Like the October 2, 2017 sentencing order, the district court's February 15, 2018 sentencing order did not reimpose the ten-year conditional-release term.

On February 20, 2018, however, the district court sua sponte filed an amended sentencing order reimposing the ten-year conditional-release term.

---

[7] "The amelioration doctrine applies to cases that are *not yet final* when the change in law takes effect." *State v. Kirby*, 899 N.W.2d 485, 488 (Minn. 2017). An amended statute applies to a crime committed before the statute's effective date if: "(1) there is no statement by the Legislature that clearly establishes the Legislature's intent to abrogate the amelioration doctrine; (2) the amendment mitigates punishment; and (3) final judgment has not been entered as of the date the amendment takes effect." *Id.* at 490.

[8] Although the date stamped on the district court's order is "February 15, 2017," the presiding judge handwrote "February 15, 2018" next to her signature, and the parties do not dispute that the court filed the order in 2018.

6

In March 2024, Pizarro-Rios again moved to correct his sentence under subdivision 9 of rule 27.03.[9] Pizarro-Rios contended that his sentence expired when the district court filed the February 15, 2018 sentencing order and that, under *Martinek v. State*, 678 N.W.2d 714 (Minn. App. 2004), and *State v. Purdy*, 589 N.W.2d 496 (Minn. App. 1999),[10] the court lacked subject-matter jurisdiction to modify his sentence afterward.[11] The state countered that, even if Pizarro-Rios's sentence had expired, the district court retained the authority to reimpose a conditional-release term because *Purdy* did not apply and, per *Franson*, conditional release was authorized at the time of the April 3, 2017 sentencing order.

---

[9] Pizarro-Rios had also challenged the reimposition of conditional release in a letter motion that he submitted to the district court shortly after the court filed the February 20, 2018 sentencing order. At that time, Pizarro-Rios maintained that the sentencing guidelines required the district court to impose a 30-month stayed sentence, place him on probation, "deem he ha[d] satisfied probation, and discharge him from probation." He reasoned that, "[b]ecause his correct sentence [was] a stayed sentence and he ha[d] never violated . . . probation on that sentence, he [was] not subject to conditional release." The state opposed. The district court agreed with the state, ruling that Pizarro-Rios's "sentence was executed[,] . . . he was given credit for time served[, and the] . . . [s]tatute requires a 10-year [term of] conditional release." And the district court filed an order denying Pizarro-Rios's letter motion.

[10] *See Purdy*, 589 N.W.2d at 498 ("The expiration of a sentence operates as a discharge that bars further sanctions for a criminal conviction."); *see also Martinek*, 678 N.W.2d at 718 (citing *Purdy* for the same principle).

[11] Pizarro-Rios also asserted that the district court lacked authority to execute his sentence without a *Blakely* trial or waiver thereof because his presumptive sentence was a stayed 30-month term and an executed sentence was a departure. Given that neither a *Blakely* trial nor a waiver occurred, Pizarro-Rios maintained that the district court lacked authority to execute his sentence. Along with rejecting Pizarro-Rios's jurisdictional argument, the district court was also not convinced by his *Blakely* claim.

After a hearing at which the district court heard arguments from both parties, the court took the matter under advisement. In June 2024, the district court filed an order denying Pizarro-Rios's motion, agreeing with the state that *Purdy* does not apply and that *Franson* controls. Reasoning under *Franson* that the "expiration of [Pizarro-Rios's] sentence does not divest the district court of authority to re-impose the conditional release period when it properly imposed . . . conditional release at its inception," the court "recognized this authority and reimposed the conditional release term when it [became] aware of the mistake [it had] made just a few days earlier."

Pizarro-Rios appeals from the district court's June 2024 order denying his March 2024 motion to correct his sentence.

## ISSUE

Did the district court abuse its discretion in denying Pizarro-Rios's March 2024 motion to correct his sentence by erroneously determining that it had retained subject-matter jurisdiction to amend its February 15, 2018 sentencing order?

## ANALYSIS

Pizarro-Rios argues that, pursuant to *Purdy*, the district court abused its discretion in denying his March 2024 motion to correct his sentence because the court lost subject-matter jurisdiction to reimpose conditional release after it filed the February 15, 2018 sentencing order. Relying on *Franson*, the state responds that the district court did not abuse its discretion in denying Pizarro-Rios's March 2024 motion to correct his sentence because the court retained subject-matter jurisdiction to reimpose the conditional-release term in the February 20, 2018 sentencing order.

8

Appellate courts "review a district court's denial of a motion to correct a sentence under Minnesota Rule of Criminal Procedure 27.03, subdivision 9, for an abuse of discretion." *Evans v. State*, 880 N.W.2d 357, 359 (Minn. 2016). The district court "abuses its discretion when its decision is based on an erroneous application of the law or is against logic and the facts in the record." *Nunn v. State*, 868 N.W.2d 230, 232 (Minn. 2015). "Subject-matter jurisdiction is a court's power to hear and determine cases that are presented to the court." *State v. Losh*, 755 N.W.2d 736, 739 (Minn. 2008). Whether a district court has subject-matter jurisdiction "is an issue we review de novo." *Id.*

We begin by (A) analyzing whether the district court erroneously applied *Franson* to this case, concluding that the court abused its discretion in doing so. We then (B) apply our precedential decisions in *State v. Hannam*, 792 N.W.2d 862 (Minn. App. 2011), *Martinek*, and *Purdy*, concluding that, because the district court erroneously determined that the court retained subject-matter jurisdiction to amend its February 15, 2018 sentencing order, the court abused its discretion by denying Pizarro-Rios's March 2024 motion to correct his sentence.

### A. The district court abused its discretion by erroneously applying *Franson* to this case.

In *Franson*, the defendant (Franson) was required to register as a predatory offender following a conviction for criminal sexual conduct. 921 N.W.2d at 784. After he did not do so, Franson was charged with and pleaded guilty to one count of failing to register as a predatory offender. *Id.* Without a jury's determination of Franson's predatory-offender risk level or an admission by the defendant in that regard, the district court imposed a ten-year

9

conditional-release term, which was required by statute if Franson had been assigned a risk level of III at the time of the offense. *Id.* at 784–85.[12]

While he was serving his conditional-release term, Franson moved to correct his sentence under Minnesota Rule of Criminal Procedure 27.03, subdivision 9, citing then-recent Minnesota Supreme Court precedent, including *State v. Her*, 862 N.W.2d 692 (Minn. 2015). *Franson*, 921 N.W.2d at 785, 787–88.[13] In *Her*, the supreme court held that, before a district court could impose a ten-year conditional-release term for a conviction of failing to register as a predatory offender, a jury had to find that the defendant was a risk-level-III offender or the defendant needed to admit as much. 862 N.W.2d at 694, 696–97.

Based on the supreme court's decision in *Her*, the district court granted Franson's motion in part and ordered a resentencing hearing for a jury to determine his risk level. *Franson*, 921 N.W.2d at 785. Franson later moved to terminate the proceedings and vacate the conditional-release term because the complaint did not reference his risk-level designation. *Id.* The district court ruled that, because the complaint did not allege that Franson was a risk-level-III offender, there was nothing for the jury to decide. *Id.* As a result, the district court terminated the proceedings and filed a second amended sentencing order, stating that Franson had served his executed sentence and that there was no conditional-release term that followed. *Id.*

---

[12] When the district court first sentenced Franson, the court neglected to impose conditional release, but the court amended its sentencing order three months later—before the expiration of Franson's sentence—to include the ten-year conditional-release term. *Id.*

[13] "The district court construed the motion as a petition for postconviction relief." *Id.* at 785.

Several days before the district court filed the second amended sentencing order, the supreme court filed its decision in *State v. Meger*, 901 N.W.2d 418 (Minn. 2017), which held that *Her* was not retroactive. *Id.* The state later moved the district court for reconsideration of Franson's amended sentence based on *Meger*. *Id.* The district court granted the state's motion for reconsideration and filed a third amended sentencing order, reimposing Franson's conditional-release term. *Id.* at 786.

Franson appealed from the third amended sentencing order, arguing that the district court lacked subject-matter jurisdiction to reimpose a conditional-release term. *Id.* This court disagreed for three reasons. *Id.* at 786–88.

First, this court said that "the supreme court's remand instructions in *Meger* and *Her* imply that a district court retains jurisdiction to correct a sentence that contains a particular conditional-release term or lacks a statutorily mandated conditional-release term." *Id.* at 786. The supreme court in *Meger* reversed the decision of the court of appeals and remanded to the district court to reinstate the conditional-release term. *Meger*, 901 N.W.2d at 425. And in *Her*, the supreme court reversed the decision of the court of appeals, vacated the conditional-release term, and remanded to the district court for further proceedings. *Her*, 862 N.W.2d at 700.

Second, this court reasoned that, because Franson's sentence became unauthorized by law when the district court vacated the conditional-release term, the district court retained subject-matter jurisdiction to correct the sentence. *Franson*, 921 N.W.2d at 787–88. This court explained that a motion to correct a sentence is an appropriate way to challenge conditional release, but to be eligible for correction, the sentence must be

11

unauthorized by law. *Id.* And this court concluded that "the district court had jurisdiction to reimpose the legal and mandatory conditional-release term" because "*Her* is not retroactive," such that "Franson's period of conditional release was authorized when it was first imposed, and the district court should not have vacated the conditional-release term." *Id.* at 788.

Third, this court distinguished *Martinek* and *Purdy*. *Id.* This court concluded that neither case was controlling because the defendants therein "were not on notice that conditional release was a mandatory part of their sentences, and the district court did not amend the sentences to include conditional-release terms until *after* their sentences expired." *Id.* Thus, this court reasoned that "the conditional-release terms were imposed after the defendants [in *Martinek* and *Purdy* had] developed a crystallized expectation of finality in their sentences." *Id.* And this court distinguished the facts of *Franson* from those of *Martinek* and *Purdy* because Franson was on notice that the conditional-release term was a mandatory part of his sentence. *Id.* In particular, the complaint charging Franson referred to the conditional-release term, Franson's sentence was amended to include the term, and the term was lawfully imposed while Franson was still serving his term of imprisonment. *Id.* Based on that notice, this court concluded that Franson could not have developed a crystallized expectation of finality in a sentence that did not include conditional release. *Id.* at 788–89. This court reasoned that, "[g]iven the supreme court's decision in *Meger* that *Her* does not apply retroactively and the state's motion for reconsideration challenging the district court's order vacating conditional release, Franson did not have a crystallized expectation of finality in a sentence that did not include a

12

conditional-release term." *Id.* at 789. Thus, this court held that the district court had subject-matter jurisdiction to reimpose the conditional-release term on Franson because the term was authorized when it was first imposed and Franson had not developed a crystallized expectation of finality in his sentence. *Id.*[14]

We conclude that *Franson* is distinguishable from this matter. *Franson* specifically relied on the unique facts and procedural posture of that case, premising its conclusion that "Franson did not have a crystallized expectation of finality in a sentence that did not include a conditional-release term" on "the supreme court's decision in *Meger* that *Her* does not apply retroactively and the state's motion for reconsideration challenging the district court's order vacating conditional release." *Id.* In contrast, the present matter did not arise out of resentencing proceedings to determine Pizarro-Rios's predatory-offender risk level

---

[14] *Franson* was decided by a divided panel of this court—Judge Randall dissented. *See id.* (Randall, J., dissenting). Citing two nonprecedential opinions, Judge Randall explained his view that the district court had lost subject-matter jurisdiction when it filed the second amended sentencing order. *Id.* (citing *State v. Jones*, No. A17-0632, 2018 WL 1145861, at *2–3 (Minn. App. Mar. 5, 2018), and *State v. Carlson*, No. A18-0144, 2018 WL 4391101, at *2 (Minn. App. Sep. 17, 2018)). *See* Minn. R. Civ. App. P. 136.01, subd. 1(c) ("Nonprecedential opinions . . . are not binding authority except as law of the case, res judicata or collateral estoppel, but nonprecedential opinions may be cited as persuasive authority."). Both *Jones* and *Carlson* relied on *Martinek* and *Purdy* to conclude that the district court no longer had subject-matter jurisdiction to reimpose conditional-release terms after the defendants' sentences had expired. *See Jones*, 2018 WL 1145861, at *2–3; *Carlson*, 2018 WL 4391101, at *2. Analogizing the facts of *Franson* to those of *Jones* and *Carlson*, Judge Randall concluded that the district court lost subject-matter jurisdiction when it vacated Franson's conditional-release term, which he saw as "the last remaining condition of Franson's sentence." *Franson*, 921 N.W.2d at 789 (Randall, J., dissenting). And reasoning that the district court "expressly stated" that Franson's sentence had been satisfied, Judge Randall wrote that the district court no longer had subject-matter jurisdiction to reimpose the conditional-release term. *Id.* at 789–90. The majority opinion in *Franson* neither refers to the dissent nor analyzes *Jones* and *Carlson*.

based on *Her*, and there was neither an issue of retroactivity nor a motion for reconsideration by the state that precipitated the reimposition of conditional release here. Instead, Pizarro-Rios had his sentence twice vacated by the district court for reasons bearing no relation to the predatory-offender risk-level issue presented in *Her*, and the court failed to reimpose conditional release on both occasions. Thus, where—as here—a case does not involve resentencing proceedings for determination of a defendant's predatory-offender risk level based on *Her*,[15] we hold that *Franson* is inapposite.

Even if *Franson* were not distinguishable on those grounds, we would still conclude that *Franson* is inapposite to the facts before us because, after the district court twice vacated Pizarro-Rios's sentence and resentenced him without reimposing the ten-year conditional-release term, Pizarro-Rios had a crystallized expectation of finality in a sentence that did not include conditional release. *See Franson*, 921 N.W.2d at 789; *see also Black's Law Dictionary* 1858 (12th ed. 2024) (defining "vacate" as, "[t]o nullify or cancel; make void; invalidate <the court vacated the judgment>"; and defining "vacatur" as, "[t]he act of annulling or setting aside").

The Minnesota Supreme Court has "repeatedly stated that conditional release is a mandatory aspect of the sentence to be imposed by the district court on statutorily

---

[15] While no Minnesota appellate court has cited *Franson* in a precedential opinion, we note that the only nonprecedential decisions of this court that have cited *Franson* for its jurisdictional holding have done so in appeals from resentencing proceedings for determination of a defendant's predatory-offender risk level based on *Her*. *See State v. Zimmerman*, No. A20-0290, 2020 WL 6554660, at *1–2 (Minn. App. Nov. 9, 2020), *rev. denied* (Minn. Jan. 27, 2021); *Queen v. State*, No. A18-1318, 2019 WL 1758007, at *1–3 (Minn. App. Apr. 22, 2019).

14

designated sex offenders." *State v. Schwartz*, 628 N.W.2d 134, 139 (Minn. 2001) (citing *State v. Brown*, 606 N.W.2d 670, 673–74 (Minn. 2000); *State v. Humes*, 581 N.W.2d 317, 319 (Minn. 1998)); *see also State ex rel. Ford v. Schnell*, 933 N.W.2d 393, 396–97 (Minn. 2019) (explaining that, while "a prison sentence in Minnesota [generally] consists of two terms"—the imprisonment term and the supervised-release term—"certain classes of offenders, including some sex offenders, also must complete an additional term of 'conditional release'" (citing Minn. Stat. § 609.3455, subds. 6–7 (2018))). The district court's October 2, 2017 sentencing order expressly vacated the sentence imposed on April 3, 2017—which had imposed the ten-year conditional-release term—and resentenced Pizarro-Rios to 60-months' imprisonment without reimposing conditional release. And the district court's February 15, 2018 sentencing order explicitly vacated the October 2, 2017 sentencing order and resentenced Pizarro-Rios to 30-months' imprisonment with credit for time served, resulting in the expiration of Pizarro-Rios's sentence while again failing to reimpose the ten-year conditional-release term.

We know of no binding precedent holding that a defendant has a crystallized expectation of finality in a sentence that includes a conditional-release term when the district court has vacated their sentence and resentenced them without reimposing conditional release on more than one occasion. *Cf. Zimmerman*, 2020 WL 6554660, at *1–2 (applying *Franson* after "we [had] expressly rejected [the defendant's] request to vacate the [conditional-release] term" on direct appeal and instead had reversed and remanded based on *Her* for resentencing proceedings to determine the defendant's predatory-offender risk level); *Queen*, 2019 WL 1758007, at *3 (applying *Franson* and explaining that, "unlike

15

in *Jones* and *Carlson*, the district court did not vacate appellant's conditional-release term" and instead "merely determined that appellant was entitled to proper fact finding on the *Her* issue," such that "[t]he district court therefore retained jurisdiction").

Pizarro-Rios urges us to overrule *Franson*, contending that the decision misconstrues the supreme court's opinions in *Meger* and *Her*, and that *Franson* misinterprets our holdings in *Martinek* and *Purdy*. For the following reasons, we decline to overrule *Franson* in this case.

"Horizontal *stare decisis* is the respect that an appellate court owes to its own precedents and the circumstances under which that court may appropriately overrule a precedent." *State v. Chauvin*, 955 N.W.2d 684, 690 n.3 (Minn. App. 2021) (citing *Ramos v. Louisiana*, 590 U.S. 83, 124 n.5 (2020) (Kavanaugh, J., concurring in part)), *rev. denied* (Minn. Mar. 10, 2021). While "[t]he doctrine of stare decisis . . . directs that we adhere to former decisions in order that there might be stability in the law[,] . . . [s]tare decisis is not an inflexible rule of law but rather a policy of the law." *Ariola v. City of Stillwater*, 889 N.W.2d 340, 356 (Minn. App. 2017) (quoting *Johnson v. Chicago, Burlington & Quincy R.R.*, 66 N.W.2d 763, 770 (Minn. 1954)) (other citation omitted). But just as the Minnesota Supreme Court regards its own decisions, "[w]e will only overrule our precedent if provided with a compelling reason to do so[,]" *Ariola*, 889 N.W.2d at 356 (citing *Fleeger v. Wyeth*, 771 N.W.2d 524, 529 (Minn. 2009)), and "[t]he reasons for departing from former decisions must greatly outweigh reasons for adhering to them[,]" *id.* (quoting *Johnson*, 66 N.W.2d at 770).

16

Because neither *Meger*[16] nor *Her*[17] address jurisdictional challenges, we acknowledge that there is tension between the conclusion in *Franson* that "the supreme court's remand instructions in *Meger* and *Her* imply that a district court retains jurisdiction to correct a sentence that contains a particular conditional-release term or lacks a statutorily mandated conditional-release term," 921 N.W.2d at 786, and other precedential decisions

---

[16] In *Meger*, the defendant pleaded guilty to failing to register as a predatory offender and was sentenced to 20 months' imprisonment. *Meger*, 901 N.W.2d at 420. The district court did not impose the mandatory conditional-release term at the time of sentencing. *Id.* Several months later, the district court amended the defendant's sentence to include the conditional-release term. *Id.* The defendant, relying on the holding in *Her*—that a jury must find that a defendant is a risk-level-III offender at the time he failed to register before imposing a conditional-release term—moved to correct his sentence. *Id.* The district court applied *Her* retroactively and vacated the defendant's conditional-release term. *Id.* On appeal, the question presented was whether *Her* applied retroactively to the defendant's amended sentence. *Id.* at 421. The defendant in *Meger* did not raise and the supreme court did not consider whether the district court had subject-matter jurisdiction to amend the defendant's sentence. *See id.*

[17] In *Her*, the district court initially imposed a conditional-release term. 862 N.W.2d at 694. Several years later, the defendant moved to correct his sentence, arguing that the imposition of the conditional-release term violated his Sixth Amendment rights. *Id.* On appeal, the defendant's challenge related to the scope of the jury-trial right under the Sixth Amendment. *Id.* The defendant did not challenge his conditional-release term on the ground that the district court lacked subject-matter jurisdiction, nor did the supreme court address the district court's subject-matter jurisdiction. *Id.* We also note that, although the defendant had completed the terms of his imprisonment and supervised release, he was still serving his conditional-release term when he moved the district court to correct his sentence. *Id.* Thus, the defendant remained in the legal custody of the commissioner of corrections. *See State v. Schnagl*, 859 N.W.2d 297, 302 (Minn. 2015) ("[A]n offender on supervised or conditional release remains 'in the legal custody and under the control of' the Commissioner of Corrections." (quoting Minn. Stat. § 243.05, subd. 1(b) (2014))). Accordingly, the defendant's sentence had not expired. *See id.*; *see also Hannam*, 792 N.W.2d at 864 ("In Minnesota, an executed sentence means the total period of time for which an inmate is committed to the custody of the commissioner of corrections." (quotation omitted)).

17

of the Minnesota Supreme Court[18] and the Minnesota Court of Appeals that dictate against inferring precedent on an issue from a case in which the issue was not raised. *See, e.g.*, *Skelly Oil Co. v. Comm'r of Tax'n*, 131 N.W.2d 632, 645 (Minn. 1964) (pre-*Franson* decision holding that opinions must be read in light of "the specific controversy then before [the] court"); *Chapman v. Dorsey*, 41 N.W.2d 438, 443 (Minn. 1950) (pre-*Franson* decision holding that appellate decisions are not authority on issues that were "never raised or called to the attention of the court"); *In re Estate of Zych*, 983 N.W.2d 466, 474 n.3 (Minn. App. 2022) (post-*Franson* decision reaffirming the principle against inferring precedent from caselaw in which an issue was not argued by noting that, because an issue on appeal in *Zych* was not raised in another case, the other case "should have no effect on Minnesota law"); *Tipka v. Lincoln Intern. Charter Sch.*, 864 N.W.2d 371, 375 (Minn. App. 2015) (pre-*Franson* decision holding that "our rendering a decision resolving a case in which jurisdiction was never challenged does not establish precedent for jurisdiction"); *Nichols v. State, Off. of Sec'y of State*, 842 N.W.2d 20, 28 (Minn. App. 2014) (pre-*Franson* decision holding that, "[b]ecause the issue presented by appellants in this case was not before the court in *Alexander* [*v. Eilers*, 422 N.W.2d 312 (Minn. App. 1988)], the *Alexander* opinion provides no authority"), *aff'd sub nom*, *Nichols v. State*, 858 N.W.2d 773 (Minn. 2015).

---

[18] *See State v. Curtis*, 921 N.W.2d 342, 346 (Minn. 2018) ("The court of appeals is bound by supreme court precedent, as it has repeatedly acknowledged.").

And we are mindful that *Franson*, 921 N.W.2d at 788, cited *Martinek*, 678 N.W.2d at 718,[19] and *Calmes*, 632 N.W.2d at 645, 648,[20] in adopting the due-process crystallized-

---

[19] *Martinek* dealt with distinct jurisdictional and due-process claims, citing the crystallized-expectation-of-finality standard only in distinguishing *State v. Calmes*, 632 N.W.2d 641 (Minn. 2001), and deciding that "[a]n exchange of letters, to which a defendant is not privy and which is not made a part of the official record, deprives a defendant of a fundamental right of due process." *Martinek*, 678 N.W.2d at 717–19. In separately addressing the defendant's jurisdictional claim, *Martinek* did not discuss whether the defendant had a crystallized expectation of finality in his sentence and instead quoted *Purdy*, 589 N.W.2d at 498, for the proposition that "[t]he expiration of a sentence operates as a discharge that bars further sanctions for a criminal conviction." *Id.* (quotation omitted). The analysis in *Purdy* did not consider whether the defendant had a crystallized expectation of finality in his sentence. 589 N.W.2d at 498–99. And *Martinek* held that, "[o]nce a sentence has expired, the court no longer has jurisdiction to modify even what may be an unauthorized sentence," ultimately ruling that "[t]he district court no longer ha[d] jurisdiction to modify [the defendant's] sentence by adding a conditional release term." 678 N.W.2d at 718–19 (citing *Purdy*, 589 N.W.2d at 498–99).

[20] Without elaborating on how *Calmes* applies to a jurisdictional analysis, *Franson* characterizes *Calmes* as "recognizing that a due-process violation may occur when a 'sentence is enhanced after the defendant has developed a crystallized expectation of finality' in the sentence." 921 N.W.2d at 788 (quoting *Calmes,* 632 N.W.2d at 645). The supreme court in *Calmes* did not address the district court's subject-matter jurisdiction to reimpose a conditional-release term after the expiration of a defendant's sentence. Instead, the supreme court analyzed whether a district court's decision to reimpose a conditional-release term *before* the defendant's sentence expired and while the defendant was still on supervised release—without notice or a hearing—violated the defendant's rights to due process and protection from double jeopardy, as well as the Minnesota Rules of Criminal Procedure. *Calmes*, 632 N.W.2d at 645. And the two Minnesota Supreme Court cases from which *Calmes*, 632 N.W.2d at 644–45, derived the crystallized-expectation-of-finality due-process standard—*Humes*, 581 N.W.2d at 317, and *State v. Garcia*, 582 N.W.2d 879 (Minn. 1998), *superseded by statute as recognized in State v. Noggle*, 881 N.W.2d 545, 551 n.6 (Minn. 2016)—each dealt with subject-matter jurisdiction as a separate question from due process and double jeopardy, applying the crystallized-expectation-of-finality standard only in the latter analysis. *See Humes*, 581 N.W.2d at 320–21; *Garcia*, 582 N.W.2d at 881. Although both *Humes* and *Garcia* confronted jurisdictional claims, those issues were not based on sentence expiration, but rather concerned arguments that district courts lacked subject-matter jurisdiction to impose conditional release under Minnesota Rule of Criminal Procedure 27.03, subdivision 9. *See Humes*, 581 N.W.2d at 318–19; *Garcia*, 582 N.W.2d at 880–81.

expectation-of-finality standard to decide whether the district court retained subject-matter jurisdiction after the expiration of Franson's sentence, notwithstanding that neither *Martinek* nor *Calmes* similarly used that due-process standard in addressing jurisdictional issues. Indeed, no precedential opinion of a Minnesota appellate court—aside from *Franson*—has ever employed the crystallized-expectation-of-finality standard outside of a due-process analysis, and no such decision other than *Franson* has applied that principle over the holdings of *Martinek* and *Purdy*.

Here, however, the foregoing issues do not present compelling reasons to overrule *Franson*. This is because *Franson* is inapposite to the facts and procedural history of the case at hand and, as explained below, *Purdy* and *Martinek* remain binding precedent that we may follow without deciding whether to overrule *Franson*. Having concluded that *Franson* is distinguishable and that the district court abused its discretion by erroneously applying *Franson* to the matter before us, we now turn to the resolution of this appeal.

> **B.** **Because the district court erroneously determined that it retained subject-matter jurisdiction to amend its February 15, 2018 sentencing order, the court abused its discretion by denying Pizarro-Rios's March 2024 motion to correct his sentence.**

Before *Franson* was decided, we had held that "[t]he expiration of a sentence operates as a discharge that bars further sanctions for a criminal conviction." *Purdy*, 589 N.W.2d at 498. In *Purdy*, the district court denied a defendant's "motion seeking an order finding that his sentence had expired" before the court resentenced him by imposing a conditional-release term. *Id.* On appeal, we agreed with the defendant's argument that "his sentence expired without being amended to include a conditional release term and that[,]

20

upon expiration of the sentence, the court lost jurisdiction to amend it." *Id.* And we held that, "[b]ecause [the defendant's] sentence was not amended before it expired, the district court's denial of the [defendant's] motion for an order that his sentence had expired and that he was not resentenced [to include a conditional-release term] was an abuse of discretion." *Id.* at 499.

In *Martinek*, we similarly held that, "[o]nce a sentence has expired, the court no longer has jurisdiction to modify *even what may be an unauthorized sentence*." *Martinek*, 678 N.W.2d at 718 (emphasis added) (citing *Purdy*, 589 N.W.2d at 498–99). And we ruled that, when a defendant's sentence expired before the district court filed an amended sentencing order imposing a conditional-release term, "[t]he district court no longer ha[d] jurisdiction to modify [the defendant's] sentence by adding [the] conditional release term." *Id.* at 718–19.

Finally, in *Hannam*, this court dismissed the state's appeal of a sentence "under the reasoning in *Martinek* and *Purdy*[] because respondent's sentence ha[d] expired, [such that] this court, like the district court, ha[d] no authority to amend or modify the sentence to impose further sanctions." *Hannam*, 792 N.W.2d at 865.

*Hannam*, *Martinek*, and *Purdy* remain good law. *See Mason v. State*, 16 N.W.3d 828, 833 (Minn. App. 2025) (describing *Hannam*, 792 N.W.2d at 864–65, as "dismissing [an] appeal because [the] sentence expired and concluding that this court, like the district court, lacked jurisdiction to modify the sentence to impose further sanctions" (quotation omitted); explaining that, in *Martinek*, 678 N.W.2d at 717–19, we "conclud[ed] that [the] district court lacked jurisdiction to enforce the terms of conditional release when it had not

21

altered the sentence to include conditional release before sentence expired"; and quoting *Purdy*, 589 N.W.2d at 498–99, for its holding that "[t]he expiration of a sentence operates as a discharge that bars further sanctions for a criminal conviction"), *rev. denied* (Minn. Apr. 23, 2025). And since *Franson* was decided, we have reaffirmed that district courts lack subject-matter jurisdiction to consider a motion under Minnesota Rule of Criminal Procedure 27.03, subdivision 9, "to add sanctions to an already-expired sentence," *id.*,[21] which is the effect of reimposing conditional release, *see Martinek*, 678 N.W.2d at 718 ("While conditional release is mandatory and nonwaivable, it represents a significant modification to a criminal sanction, carrying with it the possibility of imprisonment for an additional [ten] years.").

Under *Hannam*, *Martinek*, and *Purdy*, the district court lost subject-matter jurisdiction to reimpose the conditional-release term once it filed the February 15, 2018 sentencing order, which resulted in the expiration of Pizarro-Rios's sentence. *See Hannam*, 792 N.W.2d at 864 ("Once an inmate completes the terms of imprisonment and supervised release, the inmate's sentence expires."). This is because "[t]he expiration of [Pizarro-Rios's] sentence operate[d] as a discharge that bar[red] further sanctions for [his] criminal conviction." *Purdy*, 589 N.W.2d at 498. In other words, "[o]nce [Pizarro-Rios's] sentence . . . expired, the [district] court no longer ha[d] jurisdiction to modify even what may be an unauthorized sentence"—i.e., the February 15, 2018 sentencing order that lacked the

---

[21] *Cf. id.* at 833–34 (holding that a district court has subject-matter jurisdiction over a motion by a defendant under subdivision 9 of rule 27.03 to correct an allegedly unlawful felony sentence by reclassifying it as a gross misdemeanor—without imposing further sanctions—even after the sentence has expired).

mandatory ten-year conditional-release term. *Martinek*, 678 N.W.2d at 718 (citing *Purdy*, 589 N.W.2d at 498–99).

Thus, we conclude that the district court lacked subject-matter jurisdiction to file the February 20, 2018 sentencing order amending the February 15, 2018 sentencing order. The district court therefore abused its discretion in denying Pizarro-Rios's March 2024 motion to correct his sentence. *See Evans*, 880 N.W.2d at 359.

## DECISION

*Franson* is inapposite to cases like this one that do not involve resentencing proceedings for determination of a defendant's predatory-offender risk level based on *Her*. Thus, the district court abused its discretion by erroneously applying *Franson* to this case. When the district court filed its February 15, 2018 sentencing order, Pizarro-Rios's sentence expired and the court lost subject-matter jurisdiction to further amend his sentence by reimposing conditional release afterward. Because the district court lacked subject-matter jurisdiction to file the February 20, 2018 sentencing order, the court abused its discretion by denying Pizarro-Rios's March 2024 motion to correct his sentence. We therefore reverse the district court's June 2024 order denying Pizarro-Rios's March 2024 motion to correct his sentence and remand for the district court to vacate the February 20, 2018 amended sentencing order.

**Reversed and remanded.**